Thomas A. TOEPFER, Petitioner,

v.

**DEPARTMENT OF TRANSPORTATION, FAA, Respondent.**

Appeal No. 85–2822.

United States Court of Appeals, Federal Circuit.

May 23, 1986.

Phillip S. Wood, Pasky & Wood, Aurora, Ill., submitted for petitioner. With him on the brief was Gary Ethan Klein.

Richard K. Willard, Asst. Atty. Gen., David M. Cohen, Director, Sandra P. Spooner, Deputy Director and Eva Plaza, Commercial Litigation Branch, Dept. of Justice, Washington, D.C., submitted for respondent.

Before BALDWIN, NIES and ARCHER, Circuit Judges.

## ORDER

NIES, Circuit Judge.

The motion for hearing and other relief filed May 2, 1986, by Phillip Wood and Gary Ethan Klein, counsel for petitioner in the captioned proceedings, is denied. On April 11, 1986, this court issued its opinion affirming the removal of Thomas A. Toepfer for striking against the government and being absent without leave. As part of that decision, this court held: .

> This appeal is frivolous. Counsel has failed to distinguish the precedents of this court in any meaningful way. Damages and costs of $100 are assessed in favor of the government against counsel, to be paid within 30 days of the date of this opinion. Fed.R.App.P. 38.

Prior to the imposition of damages and costs against petitioner's counsel in favor of the government, Messrs. Wood and Klein had been warned, *inter alia,* by letters of May 18, 1984, December 10, 1984 and August 30, 1985, of the existence of the lead cases and the impropriety of the prosecution of frivolous appeals. *See Bowen v. Department of Transportation, FAA,* 769 F.2d 753, 756 n. 4 (Fed.Cir.1985).

■ Movants assert that pursuant to Fed.R.App.P. 46(c), they are entitled to a specific notice of the imposition of disciplinary action and are entitled to show cause why sanctions should not be imposed. Rule 46(c) has no applicability to the imposition of damages and costs under Rule 38.

Rule 46(c) relates to disciplinary action against an attorney "for conduct unbecoming a member of the bar or for failure to comply with these rules or any rule of the court."

The damages and costs assessed against counsel were for bringing a frivolous appeal, not as a disciplinary action for conduct unbecoming an attorney or for violation of the federal rules or rules of the court. Rule 38 provides that, if the appeal is frivolous, damages and costs *may* be assessed. To require a hearing for the assessment of such damages and costs would impose on the opposing party and on the court an even greater burden in dealing with a frivolous appeal and entirely defeat the purpose of Rule 38. *See, e.g., Hyde v. Van Wormer,* — U.S. —, 106 S.Ct. 403, 88 L.Ed.2d 355 (1985) (Supreme Court awarded damages under its Rule 49.2 without a hearing).

Counsel also assert that they "are non-parties against whom an award of charges has been entered and as such due process requires this counsel be permitted to be heard." Counsel are within the scope of Rule 38. *Bowen,* 769 F.2d at 754–56; *Asberry v. United States Postal Service,* 692 F.2d 1378, 1382 (Fed.Cir.1982) (joint and several liability with client); *accord Reid v. United States,* 715 F.2d 1148, 1155 (7th Cir.1983); *TIF Instrument, Inc. v. Collette,* 713 F.2d 197, 201 (6th Cir.1983); *United States v. Potamkin Cadillac Corp.,* 689 F.2d 379, 382 (2d Cir.1982) (per curiam) (joint and several liability with client). Counsels' assertion of a constitutional violation by failure to provide a hearing is an attack on the rule itself. In view of the above-cited precedent and the perfunctory assertion of constitutional error, we see no merit in this argument.

For the foregoing reasons, it is ordered that counsels' motion for hearing and other relief with respect to the assessment of damages and costs of $100.00 in favor of the government is denied.