832 F.2d 1504
 56 USLW 2281, 9 Fed.R.Serv.3d 772
 Jack A. BRALEY, D.O., Plaintiff-Appellant,
v.
Garland CAMPBELL, M.D.; Bruce G. Smith, M.D.; Stephen
Smith, M.D.; Newton C. Smith, M.D.; David K. Ross, M.D.;
George C. Meek, M.D.; Edgar D. Hinshaw, M.D.; James E.
Hill, M.D.; Robert Kelling, Administrator, Arkansas City
Memorial Hospital; J.W. Anderson; Jean Fearnow; Ronnie D.
Jenkins; Virgil E. Watson; E.W. Shelton; Arkansas City
Memorial Hospital; and Thelma B. Meek, Administratrix of
the Estate of George C. Meek, deceased, Defendants- Appellees.
 No. 84-2006.
 United States Court of Appeals,
Tenth Circuit.
 Nov. 9, 1987.
 
 Robert H. Alexander, Jr., Linn & Helms, Oklahoma City, Okl., for plaintiff-appellant.
 William Tinker (Quentin E. Kurtz and John E. Angelo with him on the brief), McDonald, Tinker, Skaer, Quinn & Herrington, Wichita, Kan., for defendants-appellees Garland Campbell, M.D., Bruce G. Smith, M.D., Stephen Smith, M.D., David K. Ross, M.D., and Edgar D. Hinshaw, M.D.
 Before BARRETT, McKAY, LOGAN, SEYMOUR, MOORE, ANDERSON, TACHA, and BALDOCK, Circuit Judges.*
 On Rehearing En Banc
 LOGAN, Circuit Judge.
 
 
 1
 This en banc rehearing arises from an unpublished order and judgment issued by a panel of this court affirming the district court's grant of summary judgment in favor of all defendants in an action brought by plaintiff-appellant Jack A. Braley, D.O. In its order the panel sua sponte labeled the appeal as "patently frivolous, multiplicious and vexatious," and invoked the provisions of 28 U.S.C. Sec. 1927 and Fed.R.App.P. 38 to award costs and reasonable attorney's fees to appellees, to be paid personally by appellant's attorney, Robert H. Alexander, Jr.[1] The cause was then remanded for determination of the amount to be paid.
 
 
 2
 We granted rehearing en banc only as to the issue of sanctions. Alexander challenges these sanctions on the grounds that (1) the record does not support the findings necessary to impose sanctions on him under 28 U.S.C. Sec. 1927; and (2) he was denied due process with respect to notice, an opportunity to be heard, and sufficient express findings to justify imposition of sanctions. He has also attempted to reargue the merits of the case to support his decision to undertake the appeal.
 
 
 3
 * Since our focus is upon the imposition of sanctions against an attorney personally, we first briefly review the attorney's conduct of this litigation. Alexander undertook this case in August 1984, after the initial notice of appeal of the district court's grant of summary judgment was filed, but before the appellate briefing process had begun. The record on appeal is voluminous, including sixty-three depositions and two volumes of exhibits concerning defendants' motion for summary judgment.
 
 
 4
 The underlying suit was for damages and injunctive relief against a municipal hospital, certain staff doctors, the hospital administrator, and the city commissioners for the suspension of the plaintiff doctor's hospital staff privileges. The complaint asserted civil rights claims under 42 U.S.C. Sec. 1983, conspiracy based upon plaintiff's religious beliefs in violation of the First and Fourteenth Amendments to the United States Constitution, denial of due process, and conspiracy in restraint of trade under the Sherman Act, 15 U.S.C. Sec. 1 et seq. It also asserted pendent state claims for intentional interference with business contacts and conspiracy to defame.
 
 
 5
 Alexander's actions before both the panel and now on rehearing en banc have perplexed and confounded the defendants and this court. Before the panel, Alexander submitted a brief containing twenty-seven pages of statement of facts, but only six pages of legal argument. This argument was simply to the effect that the court's order granting summary judgment was erroneous because there existed fact issues of credibility on intent and motive.
 
 
 6
 Complaining that they could not glean from this brief what issues plaintiff wished to address on appeal, defendants asserted that they were "seriously hampered in formulating a response to plaintiff's nebulous contentions" and requested the court to dismiss the appeal for plaintiff's disregard of Fed.R.App.P. 28. Brief of Appellees Garland Campbell, M.D., Bruce G. Smith, M.D., Stephen Smith, M.D., David K. Ross, M.D., and Edgar D. Hinshaw, M.D., at 10. In preparing their answer brief defendants relied upon plaintiff's trial counsel's memorandum in opposition to summary judgment, which dealt with the civil rights claims (substantive and procedural due process) and the antitrust contentions. Id. Alexander's six-page brief in reply did little to clarify matters as it merely reargued plaintiff's entitlement on a summary judgment motion against him to all favorable factual inferences that could be drawn, made other short arguments, and stated that plaintiff did not intend to press his antitrust claims on appeal.
 
 
 7
 The panel had the same difficulties as defendants in sorting out plaintiff's contentions on appeal.[2] It surmised that plaintiff was making essentially two claims: that his hospital staff privileges were suspended without procedural due process, and that the individual defendants conspired to suspend his staff privileges because of animus due to plaintiff's religious beliefs. The panel concluded that the district court properly granted defendants' motions for summary judgment, finding no disputed material facts and rejecting plaintiff's due process and conspiracy claims on the merits.
 
 
 8
 We have carefully reviewed the record, the briefs in the original appeal and upon rehearing, and the entire panel opinion to reevaluate the panel's determination that the appeal was frivolously and vexatiously taken and that sanctions were warranted. We are satisfied that, on the record before it, the panel correctly found that plaintiff could make no reasonable argument that his due process rights were violated and that there was no evidence of an illegal conspiracy based upon plaintiff's religious beliefs warranting submission of the issue to a jury. The errors Alexander asserts the panel made in factual references, if true, would not change the result.[3]
 
 
 9
 We read the panel's justifications for the sanctions against Alexander as finding that the appeal was (1) hopeless, hence frivolous under any reasonable analysis; (2) multiplicious because it unnecessarily extended the litigation; and (3) vexatious at least in part because Alexander's briefing obfuscated the legal issues and complicated the defendants' and the court's task of sorting them out.
 
 
 10
 Alexander has made our task on appeal en banc difficult by raising arguments which strain our credulity. For example, in his supplemental brief on rehearing he complains that arguments which the panel opinion had labeled meritless were not urged by him but by plaintiff's former counsel. To the extent this is true, Alexander's handling of the appeal and the briefs were responsible for the confusion. It is no defense that this court denied defendants' motion to dismiss for the plaintiff-appellant's brief's failure to comply with Fed.R.App.P. 28. Our practice, now explicit in Tenth Cir.R. 27.1.1, has long been to deny all motions to dismiss not based upon jurisdictional defects.
 
 
 11
 In addition, Alexander has persisted in the incredible argument that the petition for rehearing by the panel has neither been granted nor denied but remains pending. He asserts that this court's order of January 3, 1986, which explicitly addressed both the petition for rehearing and the suggestion for rehearing en banc, and granted rehearing en banc on the question of sanctions only, did not "otherwise address" the petition for rehearing. Reply Brief of Appellant on Rehearing En Banc at 19. Although denial of a petition for rehearing (an action taken within a three-judge panel of the court) does not necessarily address an accompanying suggestion for rehearing en banc as mandated by the Supreme Court in Western Pacific Railway Corp. v. Western Pacific Railway Co., 345 U.S. 247, 262, 73 S.Ct. 656, 663-64, 97 L.Ed. 986 (1953), under Fed.R.App.P. 35 our grant of rehearing en banc necessarily supersedes and disposes of the petition for rehearing by the panel.
 
 
 12
 Alexander also asserts that defendants-appellees' failure to file a brief for en banc consideration without offering "some neutral explanation or confessing error," is due to their cynicism, insincerity, and allegiance to "no calling higher than mere greed," which constitutes "bad faith." Reply Brief of Appellant on Rehearing En Banc at 7. In fact, the notice of intention not to file a brief expressly specifies that some defendants did not submit briefs because of an agreement, filed with the court, to waive any award of attorney's fees to them. Other defendants-appellees complied with the briefing schedule.
 
 
 13
 Finally, Alexander has violated Fed.R.App.P. 28(j) by making additional arguments in letters which ostensibly provided the court with supplemental authorities. Such arguments are improper and further burden the court and counsel.
 
 II
 
 14
 To deter frivolous and abusive litigation and promote justice and judicial efficiency, the federal courts are empowered to impose monetary sanctions, by statutes and the rules of civil and appellate procedure as well as their inherent right to manage their own proceedings. See Roadway Express, Inc. v. Piper, 447 U.S. 752, 764-67, 100 S.Ct. 2455, 2463-64, 65 L.Ed.2d 488 (1980). We focus here on the imposition of monetary sanctions on attorneys by the court of appeals, the "just damages and ... costs" authorized by Fed.R.App.P. 38, and the "excess costs, expenses and attorney's fees" specified by 28 U.S.C. Sec. 1927.[4] These provisions, as contrasted with the courts' more general disciplinary powers,[5] focus upon conduct in specific litigation that imposes unreasonable and unwarranted burdens on the court and opposing parties. See Toepfer v. Department of Transportation, 792 F.2d 1102, 1102-03 (Fed.Cir.1986); Eash v. Riggins Trucking, Inc., 757 F.2d 557, 565-68 (3d Cir.1985) (en banc); Miranda v. Southern Pacific Transportation Co., 710 F.2d 516, 521 (9th Cir.1983).
 
 
 15
 Because we have specific statutes and rules that authorize the imposition of monetary sanctions on attorneys, we need not explore the entire parameters of the courts' inherent power to impose sanctions. We note, however, that this inherent power has provided a basis for imposition of monetary sanctions on attorneys, including attorney's fees, in the past. See Roadway Express, 447 U.S. at 764-67, 100 S.Ct. at 2463-64; Glass v. Pfeffer, 657 F.2d 252, 257-58 (10th Cir.1981), overruled in part on other grounds by Cox v. Flood, 683 F.2d 330 (10th Cir.1982) (per curiam).
 
 
 16
 * Fed.R.App.P. 38 authorizes a court of appeals to award just damages, including attorney's fees, and single or double costs if the court determines that an appeal is frivolous or brought for purposes of delay. See, e.g., Clark v. Commissioner, 744 F.2d 1447, 1448 (10th Cir.1984). An appeal is frivolous when "the result is obvious, or the appellant's arguments of error are wholly without merit." Taylor v. Sentry Life Insurance Co., 729 F.2d 652, 656 (9th Cir.1984) (citations omitted); accord Reliance Insurance Co. v. Sweeney Corp., Maryland, 792 F.2d 1137, 1138 (D.C.Cir.1986); see also Johnson v. Allyn & Bacon, Inc., 731 F.2d 64, 74 (1st Cir.) (awarding fees when claim was "frivolous, unreasonable, or without foundation") (quoting Christiansburg Garment Co. v. EEOC, 434 U.S. 412, 421, 98 S.Ct. 694, 700, 54 L.Ed.2d 648 (1978)), cert. denied, 469 U.S. 1018, 105 S.Ct. 433, 83 L.Ed.2d 359 (1984). We agree with the wry observation of Chief Judge Markey, sitting with the Sixth Circuit, that "[f]rivolity, like obscenity, is often difficult to define. With courts struggling to remain afloat in a constantly rising sea of litigation, a frivolous appeal can itself be a form of obscenity. Rule 38 should doubtless be more often enforced than ignored in the face of a frivolous appeal." WSM, Inc. v. Tennessee Sales Co., 709 F.2d 1084, 1088 (6th Cir.1983).
 
 
 17
 The more serious question is whether Rule 38 empowers the appellate court to impose sanctions upon attorneys personally. The rule itself is silent. We have noted before the importance of the courts' power to assess monetary sanctions against attorneys as well as against their clients. The courts' duty, within the spirit of their total powers, is "to impose sanctions and compensating awards of expenses, including attorney's fees, in a manner designed to solve the management problem. If the fault lies with the attorneys, that is where the impact of the action should be lodged." In re Sanction of Baker, 744 F.2d 1438, 1442 (10th Cir.1984) (en banc), cert. denied, 471 U.S. 1014, 105 S.Ct. 2016, 85 L.Ed.2d 299 (1985); see also Herzfeld & Stern v. Blair, 769 F.2d 645, 647 (10th Cir.1985). Other circuits have stated that "[a]ttorneys can be held jointly and severally liable with their clients under Rule 38 for bringing frivolous appeals." Bartel Dental Books Co. v. Schultz, 786 F.2d 486, 491 (2d Cir.), cert. denied, --- U.S. ----, 106 S.Ct. 3298, 92 L.Ed.2d 713 (1986); see also Reliance, 792 F.2d at 1138; Toepfer, 792 F.2d at 1103. We note, however, that most courts so holding rely in the conjunctive on Rule 38 and 28 U.S.C. Sec. 1927 to impose sanctions on attorneys, just as the panel of this court did in the instant case. See, e.g., Reliance, 792 F.2d at 1138; Bartel, 786 F.2d at 491; cf. McConnell v. Critchlow, 661 F.2d 116, 118-19 (9th Cir.1981). Nevertheless, we hold that in an appropriate case Rule 38 alone permits sanctions against attorneys for taking a truly frivolous appeal on behalf of their client. Accord Toepfer, 792 F.2d at 1102-03.
 
 B
 
 18
 Section 1927 provides that any attorney who multiplies proceedings "unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorney's fees reasonably incurred because of such conduct." 28 U.S.C. Sec. 1927; see generally Martineau, Frivolous Appeals: The Uncertain Federal Response, 1984 Duke L.J. 845.
 
 
 19
 An attorney becomes subject to Sec. 1927 sanctions
 
 
 20
 "by acting recklessly or with indifference to the law, as well as by acting in the teeth of what he knows to be the law.... A lawyer's reckless indifference to the law may impose substantial costs on the adverse party. Section 1927 permits a court to insist that the attorney bear the costs of his own lack of care."
 
 
 21
 In re TCI Ltd., 769 F.2d 441, 445 (7th Cir.1985) (citations omitted); accord Herzfeld, 769 F.2d at 647 (approving sanctions under Sec. 1927 for attorney conduct "either cavalier ... or bent on misleading the court"). See also Reliance, 792 F.2d at 1138 (attorneys accountable under Sec. 1927 not only for subjective bad faith conduct but also for "reckless indifference to the merits of a claim"); Toombs v. Leone, 777 F.2d 465, 471 (9th Cir.1985) (sanctions appropriate under Sec. 1927 when counsel has acted recklessly or in bad faith); Knorr Brake Corp. v. Harbil, Inc., 738 F.2d 223, 227 (7th Cir.1984) (attorney must intentionally act without a plausible basis, but the court "need not find that the attorney acted because of malice"); United States v. Ross, 535 F.2d 346, 349 (6th Cir.1976) (personal attorney responsibility under Sec. 1927 should "flow only from an intentional departure from proper conduct, or, at a minimum, from a reckless disregard of the duty owed by counsel to the court").
 
 
 22
 We recognize the importance of ensuring that Sec. 1927 "in no way will dampen the legitimate zeal of an attorney in representing his client." H.R.Conf.Rep. No. 1234, 96th Cong., 2d Sess. 8, reprinted in 1980 U.S.Code Cong. & Ad.News 2716, 2781, 2782 (discussing 1980 amendments that provided for assessment of attorney's fees as well as costs under Sec. 1927). We have stated that the "power to assess costs against an attorney under Sec. 1927 ... is a power that must be strictly construed and utilized only in instances evidencing a 'serious and standard [sic] disregard for the orderly process of justice.' " Dreiling v. Peugeot Motors of America, Inc., 768 F.2d 1159, 1165 (10th Cir.1985) (quoting Kiefel v. Las Vegas Hacienda, Inc., 404 F.2d 1163, 1167 (7th Cir.1968) (Sec. 1927 sanction for "serious and studied disregard" of judicial process), cert. denied, 395 U.S. 908, 89 S.Ct. 1750, 23 L.Ed.2d 221 (1969)). Our caution against imposing Sec. 1927 sanctions in inappropriate cases, however, should not prevent us from awarding sanctions for conduct which manifests intentional or reckless disregard of the attorney's duties to the court.
 
 
 23
 Alexander argues that sanctions under either Rule 38 or Sec. 1927 should be imposable against an attorney personally only for subjective bad faith. We disagree. That standard is virtually impossible to apply. Even under the courts' inherent powers, the Supreme Court has only required conduct that "constituted or was tantamount to bad faith." Roadway, 447 U.S. at 767, 100 S.Ct. at 2465 (emphasis added). Subjective good faith ought not to be an infinitely expansive safe harbor to protect an attorney who brings an action that a competent attorney could not under any conceivable justification reasonably believe not frivolous. Eastway, 762 F.2d at 254 (discussing standard for the assessment of attorney's fees under Fed.R.Civ.P. 11). Although subjective good faith on the part of a non-attorney party appellant may in some instances excuse otherwise unreasonable conduct, we are entitled to demand that an attorney exhibit some judgment. To excuse objectively unreasonable conduct by an attorney would be to state that one who acts "with 'an empty head and a pure heart' is not responsible for the consequences." McCandless v. Great Atlantic and Pacific Tea Co., 697 F.2d 198, 200 (7th Cir.1983).
 
 
 24
 We have repeatedly expressed our concern with the unnecessary burdens, both on the courts and on those who petition them for justice, that result from unreasonable, irresponsible and vexatious conduct of attorneys as well as parties. See, e.g., Sterling Energy, Ltd. v. Friendly National Bank, 744 F.2d 1433, 1437-38 (10th Cir.1984). The power to assess costs, expenses, and attorney's fees against an attorney personally in the appropriate case is an essential tool to protect both litigants and the ability of the federal courts to decide cases expeditiously and fairly. The assessment of excess costs, expenses, or attorney's fees is a relatively mild sanction, especially when compared to dismissal. Such assessments are flexible enough to serve our paramount objective of administering and tailoring a broad range of available sanctions "in a manner designed to effectuate the purpose of [each] sanction and in order of their seriousness as sound discretion dictates." Baker, 744 F.2d at 1442; accord Eash, 757 F.2d at 566-67; see also DG Shelter Products Co. v. Forest Products Co., 769 F.2d 644, 645 (10th Cir.1985).
 
 
 25
 We believe the proper standard under either Rule 38 or Sec. 1927 is that excess costs, expenses, or attorney's fees are imposable against an attorney personally for conduct that, viewed objectively, manifests either intentional or reckless disregard of the attorney's duties to the court.
 
 C
 
 26
 Assuming no problems of notice and opportunity to be heard, then on the basis of the materials in the record and materials presented in connection with the en banc hearing, it would have been proper to assess the reasonable costs, expenses, and attorney's fees occasioned by this appeal against Alexander personally. This appeal appears to have been frivolously and vexatiously undertaken ab initio. In a case such as the one before us, an attorney must realize, even if a party does not, "that the decision to appeal should be a considered one, taking into account what the district judge has said, not a knee-jerk-reaction to every unfavorable ruling." Simon & Flynn, Inc. v. Time, Inc., 513 F.2d 832, 835 (2d Cir.1975). Alexander's conduct of this case comports with that for which other circuits have imposed sanctions under Sec. 1927. See, e.g., Olympia Co., Inc. v. Celotex Corp., 771 F.2d 888, 893 (5th Cir.1985) (counsel sanctioned for submitting rambling briefs, making no attempt to address elements requisite to obtaining reversal); Limerick v. Greenwald, 749 F.2d 97, 101 (1st Cir.1984) (attorney sanctioned for filing numerous documents containing irrelevant arguments and authority, bringing repetitive motions without rational basis, seeking to resurrect matters concluded, and directly violating court rules); United States v. Nesglo, Inc., 744 F.2d 887, 891 (1st Cir.1984) (attorney sanctioned for seeking to relitigate issues already adjudicated); Knorr Brake, 738 F.2d at 228 (counsel sanctioned for persisting in ignoring legal issues and repeating arguments previously rejected by the court); McConnell, 661 F.2d at 118 (attorney sanctioned for failure to exclude from appeal claims against individual defendants for which there was no basis for appeal).
 
 III
 
 27
 An evaluation of Alexander's behavior based upon the briefs filed on the merits of the appeal, the arguments, and the appellate record is necessary, but by itself insufficient, to impose sanctions upon him. We must also consider what procedural process is due him. The due process requirements fall into two categories: (1) specificity of findings, to facilitate response and review, and (2) notice and opportunity to be heard.
 
 
 28
 * When a court imposes sanctions under 28 U.S.C. Sec. 1927 or any other authority, it must sufficiently express the basis for the sanctions imposed to identify the excess costs reasonably incurred by the party to whom they will be due. See, e.g., Lewis v. Brown & Root, Inc., 722 F.2d 209, 210 (5th Cir.), cert. denied, 467 U.S. 1231, 104 S.Ct. 2690, 81 L.Ed.2d 884 (1984). If a trial court imposes sanctions, specific findings are required for several reasons. First, because there must be an express basis for imposition--"multiplicity" under Sec. 1927, for example--the court must identify the extent of the multiplicity resulting from the attorney's behavior and the costs arising therefrom. Second, because the person sanctioned is entitled to notice and opportunity to be heard, the objectionable conduct must be identified sufficiently to make the opportunity to respond meaningful. Finally, the reasons for the decision must be in a form reviewable by the appellate courts.
 
 
 29
 "[F]indings and conclusions, even if only brief, serve at least three useful purposes: (1) they assist in appellate review, demonstrating that the trial court exercised its discretion in reasoned and principled fashion; (2) they help assure the litigants, and incidentally the judge as well, that the decision was the product of thoughtful deliberation, and (3) their publication enhances the deterrent effect of the ruling."
 
 
 30
 Schwarzer, Sanctions under the New Federal Rule 11--A Closer Look, 104 F.R.D. 181, 199 (1985).
 
 
 31
 At the appellate level the bringing of the appeal itself may be a sanctionable multiplication of proceedings. Consequently, in an appropriate case the court may assess the entire costs of litigation on appeal as "excess costs" under Sec. 1927 or as "just damages" under Fed.R.App.P. 38. Decisions of the court of appeals on sanctions also are reviewable, of course, by the court sitting en banc and by the Supreme Court upon a petition for a writ of certiorari. Further, if remand is contemplated to set the amount to be awarded, the district court must be clearly apprised of the basis and extent of the court of appeals' condemnation of the attorney's behavior.
 
 
 32
 Since appeals are based upon alleged errors of law, the appellate court's resolution of the merits of an appeal will usually also provide sufficient detail to apprise the attorney and reviewing judges of the basis of the sanctions. Thus, an opinion that analyzes the issues appellant raises and then rejects them by a reasoned analysis necessarily states its findings and conclusions on the viability of these issues. When the court finds an entire appeal frivolous, multiplicious or vexatious, it need say nothing more except to state that conclusion, which obviously is based upon the court's judgment on the merits of the issues. See Baker, 744 F.2d at 1442; see also Toombs, 777 F.2d at 471-72; Knorr Brake, 738 F.2d at 228. Should the court find that less than the entire appeal requires sanctions, or that the appeal is multiplicious only as against a particular party, then it must make more specific findings.
 
 
 33
 In the instant case the panel's extensive discussion of the appeal's lack of merit and of the defects in Alexander's briefing of the appeal constituted sufficient findings and conclusions. The additional analysis and detail set forth in Part I of this opinion constitute supplementary findings by the en banc court which we believe are adequate to inform Alexander and the Supreme Court, should it review our decision, of the basis of our determination that Alexander's conduct is sanctionable.
 
 B
 
 34
 We now consider the issue of notice and opportunity to be heard. It is a venerable principle in our law that
 
 
 35
 "the power of the court should never be exercised without notice to the offending party of the grounds of complaint against him, and affording him ample opportunity of explanation and defense. This is a rule of natural justice, and is as applicable to cases where a proceeding is taken to reach the right of an attorney to practice his profession as it is when the proceeding is taken to reach his real or personal property."
 
 
 36
 Bradley v. Fisher, 80 U.S. (13 Wall.) 335, 354-55, 20 L.Ed. 646 (1871). In Roadway, discussing a district court's assessment of costs and attorney's fees directly against an attorney, the Supreme Court stated: "Like other sanctions, attorney's fees certainly should not be assessed lightly or without fair notice and an opportunity for a hearing on the record." 447 U.S. at 767, 100 S.Ct. at 2464.
 
 
 37
 Due process is a flexible concept, and the particular procedural protections vary, depending upon all the circumstances. See Morrissey v. Brewer, 408 U.S. 471, 481, 92 S.Ct. 2593, 2600, 33 L.Ed.2d 484 (1972); see also Roadway, 447 U.S. at 767 n. 14, 100 S.Ct. at 2464 n. 14. The basic requirements of due process with respect to the assessment of costs, expenses, or attorney's fees are notice that such sanctions are being considered by the court and a subsequent opportunity to respond. See Glass v. Pfeffer, 657 F.2d at 257-58; see also Charczuk v. Commissioner, 771 F.2d 471, 476 n. 4 (10th Cir.1985).
 
 
 38
 In one sense notice may seem superfluous when an appellate court has determined, after considering briefs, argument and the record that the appeal is so unmeritorious as to be frivolous. The court's determination is a judgment on the state of the law as applied to the facts in the record. The only possible rebuttal to the court's conclusion would be a demonstration that the court overlooked controlling statute or case law or misread the record. A petition for rehearing would seem adequate to bring such errors to the court's attention.
 
 
 39
 But the determination to impose sanctions on an attorney for bringing a frivolous appeal involves another step--placing the blame. And there remains for consideration the defenses which might absolve the lawyer of the responsibility for taking the frivolous appeal. This, we hold, justifies and requires notice and opportunity to be heard before final judgment. At this point the court has two options: to decide the matter itself or to remand to allow the district court to resolve the entire issue. An argument in favor of remand is that a hearing generally will be necessary to determine the amount of the costs to be paid, and trial courts are better equipped for hearing conflicting evidence. But usually the appellate court that made the frivolousness determination will want to hear for itself the excuses, if any, offered by the lawyer to avoid or to mitigate the sanctions. In such a case, if a party has already made a motion or request in its brief that sanctions be imposed, and identified the party or counsel it wants to be sanctioned, the notice requirements are satisfied, so long as the court gives the person against whom sanctions are requested an opportunity to file a brief or otherwise be heard before imposing sanctions. See, e.g., Herzfeld, 769 F.2d at 647. On those occasions when the court intends to consider such sanctions sua sponte, due process is satisfied by issuance of an order to show cause why a sanction should not be imposed and by providing a reasonable opportunity for filing a response. See Van Sickle v. Holloway, 791 F.2d 1431, 1437 (10th Cir.1986); see also Reliance, 792 F.2d at 1139; cf. 10th Cir.R. 46.5.2 (specifying procedure for imposition of monetary sanctions on court-appointed counsel).
 
 
 40
 At the appellate level, the right to respond does not require an adversarial, evidentiary hearing. See, e.g., Tatum v. Regents of the University of Nebraska-Lincoln, 460 U.S. 1048, 103 S.Ct. 1450, 75 L.Ed.2d 804, 462 U.S. 1117, 103 S.Ct. 3084, 77 L.Ed.2d 1346 (1983); see generally Martineau, Frivolous Appeals: The Uncertain Federal Response, 1984 Duke L.J. 845, 875-77. Even at the trial court level, the sanction inquiry may properly be limited to the record in most instances. See Fed.R.Civ.P. 11 Advisory Committee Note, 97 F.R.D. 198, 200-01 (1983). If the court has acted sua sponte, the prevailing party should be notified that it may, but need not, participate in the proceedings to determine whether sanctions should be imposed.
 
 
 41
 After considering any excuses the attorney offers to justify his or her actions, the court generally will enter a final order rejecting or imposing sanctions and, if imposing, either establish the amount itself or remand to the district court for that determination. If fact issues arise from the response, affecting either the amount or whether sanctions should be imposed at all, the appellate court may delegate to the district court the task of resolving those issues. Although the panel in the case before us intended to allow the district court to lift sanctions entirely if the district court found that justified, the order did not make that clear. The panel order appears to impose sanctions sua sponte without giving Alexander notice and an opportunity to respond.
 
 
 42
 Under normal circumstances we would hold the grant of rehearing en banc, and our allowing Alexander to brief and orally argue before us, to be sufficient to cure any defects in the notice he received. In this case, however, we did not indicate that we would consider de novo the panel's decision to impose sanctions. We focused the briefing and oral argument on the procedural requirements to be imposed generally, rather than upon this attorney's specific defalcations.[6] Thus, because we were primarily concerned with our own sanctioning procedures, we did not focus on whether the individual behavior of Alexander warranted the sanctions as a de novo matter for argument and our determination. We therefore consider it appropriate to relieve him of any sanctions.
 
 
 43
 IT IS SO ORDERED.
 
 
 44
 JOHN P. MOORE, Circuit Judge, with whom BARRETT, Senior Circuit Judge, joins, dissenting in part:
 
 
 45
 While I concur wholeheartedly in the Court's analysis of the legal issues in this case, I respectfully dissent from the disposition. After concluding that the appeal is frivolous, and that counsel would be subject to sanction, the Court nonetheless excuses his misconduct simply because we did not "focus on whether the individual behavior of Alexander warranted the sanctions...." I believe this gratuitous leniency is both illogical and in defiance of the rights of the offended parties.
 
 
 46
 The Court's resolution is offensive to me because it denies the prevailing parties any opportunity to obtain the compensation to which they presently appear to be justly entitled. In our effort to be lenient to Mr. Alexander, we have totally ignored the consequences his acts have had on others.
 
 
 47
 Our concentration on the notice issues applicable to sanctions is no reason to excuse Mr. Alexander from the burdens of his conduct. If there is any justification for his actions, or if there are reasons why his culpability should be diminished, he should be called upon to disclose them. To exonerate Mr. Alexander simply because he has not yet been required to show cause why sanctions should not be imposed serves neither justice nor logic.
 
 
 48
 It cannot be gainsaid that sanctions under either Fed.R.App.P. 38 or 28 U.S.C. Sec. 1927 have a duality of purpose. Sanctions are obviously to be levied to punish the offender as a deterrence to future misconduct; but, with equal importance, they are to be levied to compensate a party who has had to finance the defense of a groundless action. In these times when abusive frivolous litigation abounds, we do not serve the cause of justice when we ignore an offended party's right to compensation.
 
 
 49
 Just as the punitive aspect of sanctioning mandates application of due process considerations to the offending party or counsel, the compensatory aspect of sanctions also invokes the rights of the injured party. Until we and other courts are willing to recognize the financial burdens which fall upon innocent parties, and until those burdens are relieved through compensation, there is little hope for halting the onerous influx of groundless litigation.
 
 
 50
 It offends my sense of justice to ignore the financial burdens Mr. Alexander's frivolous appeal has placed on the appellees. It seems to me contradictory to first declare this appeal groundless, thus acknowledging the appellees' facial right to compensation, and then deprive them of this right without further hearing. As distasteful as it may be to sanction an attorney, it must be done in an appropriate case.
 
 
 51
 Moreover, to the extent we are today establishing guideposts for the future, we need to make clear that one who undertakes to burden others with groundless causes does so at risk. Although this case deals principally with the rights of an attorney who is responsible for the prosecution of a frivolous appeal, it should also serve to underscore the simple fact that the parties who have prevailed have rights to be protected as well. I would order Mr. Alexander to show cause why sanctions should not be imposed, and I would grant the appellees the right to respond.
 
 
 
 *
 Honorable William J. Holloway, Jr., Chief Judge, took no part in considering or deciding this case
 
 
 [1]
 We quote the panel's discussion in full:
 "It is obvious that this appeal is patently frivolous, multiplicious, and vexatious. Consequently, counsel must bear the burden the assertion of this groundless cause has on the defendant parties. Consistent with the provisions of 28 U.S.C. Sec. 1927 and Fed.R.App.P. 38, costs and reasonable attorney fees are awarded to appellees. The judgment of the district court is affirmed and the case remanded for a determination of the amount of costs and reasonable attorney fees to be paid by appellant's attorney to appellees."
 Braley v. Campbell, No. 84-2006, slip op. at 15 (10th Cir. Nov. 6, 1985).
 
 
 [2]
 The panel opinion noted:
 "Plaintiff's failure to follow Fed.R.App.P. 28(a) has made our determination of plaintiff's specific claims of error difficult. In this regard we note that plaintiff's initial brief on appeal does not set forth a statement of the issues plaintiff wishes this court to address. Fed.R.App.P. 28(a)(2). This omission is not cured in the 'argument' section of plaintiff's brief. For this reason, plaintiff's claims and the theories upon which he seeks recovery are gleaned from his memorandum in opposition to defendants' motion for summary judgment and the pleadings below."
 Braley v. Campbell, supra n. 1, slip op. at 7 n. 2.
 
 
 [3]
 Alexander's belated attempt to place before the panel and again before us a letter from one defendant-appellee does not alter our conclusion. The letter itself is irrelevant to the merits of the district court's decision on the due process issue, because its author was not a decision-maker and because, contrary to Alexander's assertions, the letter does not constitute an admission of participation in a conspiracy. In any event, plaintiff received the letter before the district court entered its final judgment, yet apparently made no attempt to place the letter before the district court. Even if Alexander could argue that somehow the letter is newly discovered or warrants a new trial, the proper procedure is to offer it to the district court under Fed.R.Civ.P. 60(b)
 
 
 [4]
 Since its amendment in 1983, Fed.R.Civ.P. 11 has become increasingly important as a source of the courts' authority to impose monetary sanctions, including attorney's fees, against attorneys personally. See Burkhart v. Kinsley Bank, 804 F.2d 588, 589-90 (10th Cir.1986); see also Unioil, Inc. v. E.F. Hutton & Co., Inc., 809 F.2d 548, 556-59 (9th Cir.1986); Eastway Construction Corp. v. City of New York, 762 F.2d 243, 253-54 (2d Cir.1985). But Rule 11, while its language is inclusive, empowers the imposition of sanctions at the trial court level, not on appeal. See Fed.R.Civ.P. 1
 Nor do we discuss here the authority provided within certain other rules of civil procedure, applicable to district court proceedings, to sanction violations specific to those rules. See Fed.R.Civ.P. 16(f) (sanctions for failure to comply with pretrial orders); Fed.R.Civ.P. 37 (sanctions for failure to make or cooperate in discovery); see also In re Sanction of Baker, 744 F.2d 1438 (10th Cir.1984) (en banc) (discussing attorney sanctions under Fed.R.Civ.P. 16(f)), cert. denied, 471 U.S. 1014, 105 S.Ct. 2016, 85 L.Ed.2d 299 (1985).
 
 
 [5]
 In this case we need not reach the court's far-reaching and potentially drastic contempt and disciplinary powers. See In re Snyder, 472 U.S. 634, 642-45, 105 S.Ct. 2874, 2880-81, 86 L.Ed.2d 504 (1985) (inherent authority to suspend or disbar attorney); Burkett v. Chandler, 505 F.2d 217 (10th Cir.1974) (authority to disbar or hold attorney in contempt), cert. denied, 423 U.S. 876, 96 S.Ct. 149, 46 L.Ed.2d 110 (1975). Fed.R.App.P. 46(c) authorizes "any appropriate disciplinary action against any attorney ... for conduct unbecoming a member of the bar or for failure to comply with these rules or any rule of the court." The focus of the courts' disciplinary powers is on attorney behavior that is an affront to the express authority of the court, or that shows an unfitness to discharge the attorney's continuing obligations to the court or to clients. See Snyder, 472 U.S. at 645, 105 S.Ct. at 2881; Miranda v. Southern Pacific Transportation Co., 710 F.2d 516, 521 (9th Cir.1983); see also Eash v. Riggins Trucking, Inc., 757 F.2d 557, 565-68 (3d Cir.1985) (en banc). That kind of behavior is not at issue here
 
 
 [6]
 Our original order granting rehearing en banc specified that it was "on the issue of sanctions only," and that the parties "will be notified if the Court deems further briefing to be desirable." Order of January 3, 1986. We later stated our desires for supplemental briefing, set a schedule and stated that "[i]n addition to any other discussion relative to the issue of sanctions, the court directs the parties to specifically address the issue of whether the appellant should have been notified before sanctions were imposed." Order of April 30, 1986. The court refused as inapposite Alexander's motion to specify the issues to be considered at the en banc oral argument. The Clerk notified Alexander that, "[t]he Court is primarily concerned with the issue of whether appellant should have been notified before sanctions were imposed." Letter of April 16, 1986. That same letter notified Alexander that no court reporter would be present at oral argument because "you are advised oral argument is not a factual inquiry but an argument on the law." Id