**In re Owen E. PERRY.**

**Misc. No. 289.**

United States Court of Appeals, Federal Circuit.

Oct. 30, 1990.

Suggestion For Rehearing In Banc Declined Dec. 19, 1990.

Ralph R. Safford, Meyer, Kirk, Snyder & Safford, Bloomfield Hills, Mich., represented petitioner. Monroe H. Freedman, of Jackson Heights, N.Y., of counsel.

Ronald A. Sandler and Sandra B. Weiss, Jones, Day, Reavis & Pogue, Chicago, Ill., represented appellee/respondent. Robert L. Kelly and Charles Rutherford, Detroit, Mich., of counsel.

Before MARKEY and PLAGER, Circuit Judges, and BENNETT, Senior Circuit Judge.

ORDER

MARKEY, Circuit Judge.

In connection with *PAC-TEC, Inc. v. Amerace Corporation*, 903 F.2d 796 (Fed. Cir.1990) (the appeal), Owen E. Perry (Perry) earlier filed post-judgment motions to seal this court's opinion of May 9, 1990, to enter an appearance on behalf of himself and his law firm, to stay all appellate pro-

ceedings, and to withdraw as counsel for Pac–Tec. Only the last was granted.

Having engaged counsel, Perry has now, six weeks after the opinion complained of and a month after denial of earlier motions seeking similar relief, filed a MOTION TO INTERVENE AND FOR OTHER RELIEF accompanied by a 29–page brief, five exhibits, and declarations of Perry and two others. In his motion, Perry states in these words the relief sought:

Owen E. Perry moves for an order:

1. Granting him leave to intervene in this Appeal;
2. Vacating the May 9, 1990 Opinion in its entirety, or in the alternative, vacating those portions of the May 9, 1990 opinion that contain findings that the appeal and the issues raised in the appeal are frivolous; which impose sanctions upon him for violation of Rule 38, F.R.App.P.; and that contain unusually harsh, condemnatory language directed at Perry personally or that otherwise constitute the imposition of discipline imposable solely under Rule 46(c), F.R.App.P.
3. Providing him notice and hearing before imposing any sanctions, in the event the Court decides to consider the imposition of sanctions against him;
4. Granting him a hearing on the following issues, in the event the Court declines to vacate as requested in paragraph 2 above:

   (a) Whether he was afforded due process of law in connection with the issuance and publication of the May 9, 1990 opinion;

   (b) Whether the May 9, 1990 opinion violates Rules 38 and 46(c), F.R.App.P.;

   (c) Whether the appeal, and issues he argued and briefed, were frivolous under Rule 38, F.R.App.P.;

   (d) Whether the sanctions imposed upon him in the May 9, 1990 opinion were "just" under Rule 38, F.R.App.P.;

   (e) Whether the Application of Amerace for Attorneys Fees and Costs filed May 21, 1990 should be granted.

### 1. *Intervention*

Perry is granted leave to intervene to the extent of obtaining the court's thorough consideration of his present motion and accompanying papers. His request to intervene as a party in the appeal is denied as unwarranted: (1) Nothing remains of the appeal but consideration of Amerace's application for costs and fees, (2) Perry has no interest in the subject matter or merits of the litigation, (3) it would be "unfair and inequitable to postpone any longer the long overdue relief" to which Amerace is entitled. *Stotts v. Memphis Fire Dept.*, 679 F.2d 579, 584 (6th Cir.), *cert. denied*, 459 U.S. 969, 103 S.Ct. 297, 74 L.Ed.2d 280 (1982) and (4) Perry's interest in reducing the amount of costs and fees is represented in the opposition filed by Pac–Tec, and, as set out below, Perry will be allowed to supplement that opposition upon a showing that Pac–Tec's opposition is inadequate.

### 2. *"Vacating" the Opinion in Whole or Part* [1]

The court declines to modify or disturb in any manner its May 9, 1990 opinion or any portion thereof. Perry's attack on the alliterative writing style of the judge who wrote for the panel is inappropriate and unavailing. The finding that the appeal was frivolous was correct and, after review of all of Perry's present assertions, that finding is fully adhered to. As specifically stated in the opinion, each of Perry's arguments was individually found frivolous. No reason has been shown to vacate the portion of the opinion that orders imposition of a sanction for filing a frivolous appeal the frivolity of which is palpable. No portion contains language aimed at Perry personally, notwithstanding Perry's repeated attempts to escape the consequences of his improper conduct by so interpreting the court's condemnation of that

1. Judgments, orders, and mandates may be "vacated." Opinions may be revised, modified, withdrawn and replaced. In the present case an order imposing sanction was included in the opinion.

conduct. Perry alleges certain post-judgment events and attributes them to the language of the opinion in the apparent but erroneous belief that no court opinion should mention acts abusive of the judicial process in the case before it, or characterize the effects of those acts as deleterious to the administration of justice. No imposition of discipline under Rule 46(c) Fed.R. App.P., whether or not warranted, occurred in this case.

3. *Notice and Hearing Before Imposing Sanctions*

This part of Perry's motion is difficult to understand. The court has already sanctioned Perry's conduct in the appeal. As set out below, the court has not at this time decided to impose a sanction upon Perry's post-judgment conduct. This part of the motion can only be denied as moot.

4. *Hearing*

Perry's request for a hearing is granted to the extent of the court's consideration of his present submissions. His request for an oral evidentiary hearing is denied.

Perry requests an oral evidentiary hearing to develop "relevant facts", but all of the facts relevant to the sanctioning of Perry's conduct were before the court when the sanction was imposed. As spelled out in the court's opinion, all of Perry's relevant conduct appears in the record, in Perry's briefs, and in Perry's oral argument. An oral hearing would thus not develop or illuminate new relevant factual issues and would not aid this court. *Hill v. Norfolk & W. Ry.*, 814 F.2d 1192, 1201 (7th Cir.1987). On the contrary, it would impose on Amerace and this court an extra and undue burden entirely destructive of the purpose of Rule 38. *Toepfer v. Dept. of Transportation*, 792 F.2d 1102, 1103 (Fed.Cir.1986).

Perry says an oral hearing is necessary so that he may present evidence of his good faith and the nonfrivolous nature of one argument. No such "evidence", however, would be probative or affect the result.

Perry's good faith, if proven, would be irrelevant. "Bad faith" is not a requirement for imposition of Rule 38 sanctions. *Braley v. Campbell*, 832 F.2d 1504, 1512 (10th Cir.1987). The standard under Rule 38 is an objective one and has nothing to do with the mental state of the person sanctioned. *Hill v. Norfolk & W.*, 814 F.2d at 1202. The "empty head and pure heart" defense will not excuse objectively unreasonable conduct. *McCandless v. Great Atlantic and Pacific Tea Co.*, 697 F.2d 198, 200 (7th Cir.1983). Counsel's good faith beliefs that are unreasonable in light of clear law and dispositive authority will not immunize him from Rule 38 sanctions. *Coghlan v. Starkey*, 852 F.2d 806, 813 (5th Cir.1988). Nor does an honest belief in the merits of a claim excuse an appellate brief that "ignores significant issues and facts while deploying a smokescreen of irrelevant and tangential issues." *Id.* Nor would Perry's prior reputation have any bearing on the quality of his sanctionable conduct in this case.

Similarly, one non-frivolous argument, if there were one,[2] would not preclude the Rule 38 sanction imposed in this case. "It would be strange if by the hap-

2. Perry submits an expert's declaration that there was one non-frivolous issue, but the declaration states that the declarant did "not have an opportunity to review the record on appeal", this court found Perry's argument on the issue frivolous, and, even where there are genuinely appealable issues, counsel's behavior in presenting them may be frivolous. *Devices for Medicine, Inc. v. Boehl*, 822 F.2d 1062, 1068–69, 3 USPQ2d 1288, 1294 (Fed.Cir.1987) (spurious, specious arguments; distortion and disregard of the record and opposing authorities); *Olympia Co. v. Celotex Corp.*, 771 F.2d 888, 893 (5th Cir.1985) (ignoring elements necessary to reverse); *Limerick v. Greenwald*, 749 F.2d 97, 101 (1st Cir.1984) (irrelevant arguments and authority); *Spiegel v. Continental Illinois Nat'l Bank*, 790 F.2d 638, 650 (7th Cir.) (no clear arguments for reversal), *cert. denied*, 479 U.S. 987, 107 S.Ct. 579, 93 L.Ed.2d 582 (1986); *McConnell v. Critchlow*, 661 F.2d 116, 118 (9th Cir.1981) (failing to exclude non-involved opponents); *Optyl Eyewear Fashion Int'l Corp. v. Style Cos.*, 760 F.2d 1045, 1052 (9th Cir.1985) (rearguing frivolous positions for which sanctions had been imposed); *Beam v. IPCO Corp.*, 838 F.2d 242, 249 (7th Cir.1988) (misrepresenting facts or law to the court).

penstance of including one colorable (though losing) claim amidst an ocean of frivolous ones, a litigant could ward off all sanctions." *Hill v. Norfolk & W. Ry. Co.*, 814 F.2d at 1200. When an appeal is a "complete loser," most of which is "patently groundless," sanctions should be imposed under Rule 38. *Id.* Perry has shown no basis for disregarding in this case the general rule that it is not worthwhile "to divide a suitor's claims (or defenses) into frivolous and non-frivolous, and award attorney's fees in respect to the frivolous claims but not the others." *Miller Brewing Co. v. Brewery Workers Local Union No. 9*, 739 F.2d 1159, 1168 (7th Cir.1984), *cert. denied*, 469 U.S. 1160, 105 S.Ct. 912, 83 L.Ed.2d 926 (1985).

Perry further requests an evidentiary hearing on a series of what he describes as "issues":

(a) *Due Process.* The requirements of due process are Notice and Opportunity to be Heard. *Roadway Express, Inc. v. Piper*, 447 U.S. 752, 767, 100 S.Ct. 2455, 2464, 65 L.Ed.2d 488 (1980). Perry received both.

*Notice.* Practitioners in this court are expected to know and follow the Federal Rules of Appellate Procedure and the precedents in the court's published jurisprudence. Rule 38 provides for sanctioning frivolous appeals. From an early date, this court has indicated that it will not hesitate to apply sanctions against parties and their counsel in appropriate cases, *Asberry v. United States Postal Service*, 692 F.2d 1378, 1382 (Fed.Cir.1982), and has in fact imposed such sanctions. *Porter v. Farmers Supply Service, Inc.*, 790 F.2d 882, 887, 229 USPQ 814, 818 (Fed.Cir.1986); *Chemical Engineering Corp. v. Marlo, Inc.*, 754 F.2d 331, 335, 222 USPQ 738, 741 (Fed.Cir.1984); *Julien v. Zerinque*, 864 F.2d 1572, 1575, 9 USPQ2d 1554, 1557 (Fed. Cir.1989); *Toepfer v. Dept. of Transportation*, 792 F.2d 1102 (Fed.Cir.1986); *Sun-Tek Industries v. Kennedy Sky-Lites, Inc.*, 865 F.2d 1254, 9 USPQ2d 1574 (Fed. Cir.1989); *Dreamlite Holdings Ltd. v. Kraser*, 890 F.2d 1147, 13 USPQ2d 1076 (Fed.Cir.1989), *cert. denied*, — U.S. —, 110 S.Ct. 1924, 109 L.Ed.2d 288 (1990). All members of the bar of this court, including Perry, have thus long been on notice that they may be personally liable for sanctions if they prosecute a frivolous appeal.

Further, Amerace expressly stated in its brief that it was seeking attorney's fees pursuant to Rule 38 and 28 U.S.C. § 1927, which specifically relates to counsel's personal liability for excess costs. Such a request in a brief satisfies the notice requirements of due process. *Braley v. Campbell*, 832 F.2d 1504, 1515 (10th Cir.1987); *Mays v. Chicago Sun-Times*, 865 F.2d 134, 139, n. 3 (7th Cir.1989).

Lastly, Perry can hardly assert surprise that his repetition of conduct sanctioned by two appellate courts was sanctioned by this court.

*Opportunity to be Heard.* This court provides those charged by an adversary with frivolity an opportunity to be heard and expects those on notice to avail themselves of that opportunity. An adversarial, evidentiary hearing is not required. *Braley v. Campbell*, 832 F.2d at 1515. The court's published Practice Note to Rule 38 states "a party whose case has been challenged as frivolous is expected to respond to the challenge in the reply brief or to voluntarily request dismissal of the case." Though the court supplied that Practice Note to Perry, he did not respond to Amerace's challenge and did not request dismissal. On the contrary, he exhibited complete indifference.

At oral argument, Perry was given a second opportunity to be heard. During Perry's presentation the court specifically asked why none of Amerace's assertions of frivolity were addressed in Pac-Tec's reply brief and gave Perry an opportunity to withdraw his challenged statements. Perry declined to withdraw anything and went on to exacerbate his frivolity by again mischaracterizing the record with respect to his continued allegation that the trial judge was biased.

Having been clearly on notice, and having twice been given and twice declined an opportunity to be heard, Perry cannot now

be heard to complain of lack of due process. *Fromson v. Citiplate, Inc.*, 886 F.2d 1300, 1305, 12 USPQ2d 1299, 1303–04 (Fed. Cir.1989).

(b) *Rules 38 and 46(c).* Rule 38, far from being "violated", was fully complied with. Rule 46(c) was nowhere involved. Contrary to Perry's creative interpretation of two recent Supreme Court opinions, the "hearing" requirements of Rule 46(c) have not been incorporated into Rule 38. Neither cited opinion even mentions Rule 46. This court has specifically held that Rule 46(c) has no applicability to the imposition of damages and costs under Rule 38. *Toepfer v. Dept. of Transportation*, 792 F.2d 1102 (Fed.Cir.1986). Neither Supreme Court opinion cited by Perry addresses that holding and neither has changed the law.

(c) *Frivolous Appeal.* The appeal was found to be frivolous on May 9, 1990, and that finding has been adhered to here.

(d) *"Just" Sanctions.* This court's order requiring reimbursement of Amerace for the expense to which it was unnecessarily put is not "unjust". Indeed, failure to compensate the injured and innocent appellee would be unjust to it in this case. Perry's effort to paint the sanction imposed under Rule 38 as "penal" is absurd. Rule 38 is procedural and does not affect substantive rights. *Burlington Northern R.R. Co. v. Woods*, 480 U.S. 1, 8, 107 S.Ct. 967, 971, 94 L.Ed.2d 1 (1987).

(e) *Application for Fees and Costs.* Within 14 days of the date of this order, Perry may file a supplemental opposition to Amerace's application for attorney fees and costs. In view of delay experienced to date, no extensions can or will be given for any such filing. Any such supplemental opposition shall be limited to specific objections to amounts in Amerace's application and shall include a showing of why Perry deems Pac–Tec's opposition inadequate. Perry shall not in any such supplemental opposition discuss the merits of the case or the appropriateness of the sanction imposed under Rule 38. Nor shall any such supplemental opposition include a repetition of any objection made by Pac–Tec in its opposition.[3]

5. *Request for Attorney Fees*

Amerace has requested its attorney fees for time expended in responding to this motion, citing Rule 38 and 28 U.S.C. § 1927. Amerace cites Perry's unprecedented request for leave to intervene on appeal after an opinion has been rendered; his submission of unsupported and hearsay statements; his readings of the Federal Rules of Appellate Procedure at odds with the established law of this circuit; his strained interpretation of inapt court opinions; and his convoluted arguments.

Amerace responded to the present motion at the court's request and its response has been of service to the court. Its characterization of Perry's submissions is not incorrect, but when Perry filed his motion there was no rule requiring a response. Thus, it cannot be said that Perry forced Amerace to undergo the expense of a response. For that reason, the court declines to impose a sanction under Rule 38 or 28 U.S.C. § 1927.

6. *Future Filings*

This matter must end. Perry shall file no further motions, petitions, or other papers in this court directed to the merits of the appeal or to the imposition of sanctions in the May 9, 1990 opinion.

Accordingly, it is ORDERED:

(1) Perry's request to intervene is granted to the extent of having his submissions considered. His request to intervene as a party in 903 F.2d 796 is denied.

(2) Perry's request to vacate the May 9, 1990 opinion in whole or in part is denied.

(3) Perry's request for notice and hearing before imposing sanctions is denied as moot.

3. Upon request, the Clerk of this court will supply Perry with copies of Amerace's application and Pac–Tec's opposition.

(4) Perry's request for a hearing is granted to the extent of having his present submissions considered. His request for an oral evidentiary hearing is denied.

(5) Perry may file a supplemental opposition to Amerace's application for fees and costs under and in accord with the terms set forth in section 4(e) above.

(6) Amerace's request for fees incurred in responding to this motion is denied.

(7) Perry shall file no further papers of any kind in this court relating to the merits of 903 F.2d 796 or to the sanctions imposed under Rule 38 in the May 9, 1990 opinion.