IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 01-31039
Summary Calendar

_____


ALBERT MACKLIN,

                    Plaintiff-Appellant,

          v.

THE CITY OF NEW ORLEANS, Etc; ET AL

                    Defendants

THE CITY OF NEW ORLEANS, a municipal corporation; RICHARD PENNINGTON, New
Orleans Police Chief, in his individual and official capacity; MARC MORIAL, Mayor of the City
of New Orleans, in his official and individual capacity,

                    Defendants-Appellees

                    ---------------------------------
                    Appeals from the United States District Court
                         for the Eastern District of Louisiana
                    ---------------------------------

                              July 25, 2002

Before DAVIS, BENAVIDES, and CLEMENT, Circuit Judges.

BY THE COURT:

          In this case, we issued an order directing Appellant Albert Macklin ("Macklin") and his

counsel, Kenneth M. Plaisance ("Plaisance"), to show cause why they should not be sanctioned for

making frivolous arguments on appeal.  Macklin and Plaisance responded to the show cause order,

arguing that they should not be sanctioned because the appeal as a whole was not totally without

merit. Because they fail to adequately explain the abysmal quality of the briefing and the frivolous nature of the arguments, we conclude that sanctions are appropriate.

Macklin's case was a § 1983 action alleging several violations of his rights arising out of his dismissal from the New Orleans police force following an off-duty incident in which he struck a man over the head with his police baton and then lied to investigators about it. After the district court granted summary judgment against him, he argued on appeal that its application of the local rules violated "principles of right and justice" and equal protection. He also contended, without citation or argument, that Fed. R. Civ. P. 56 facially violated equal protection and the Seventh Amendment right to a jury trial. Regarding his dismissal from the police force, he argued that his due process rights were violated because he was not given a pre-suspension hearing or a name clearing hearing. In a previous opinion, we rejected all of these contentions and, unable to overlook the sloppiness of the brief and the obvious lack of support for the arguments, issued the show cause order. *See Macklin v. City of New Orleans*, 2002 WL 1155441 (5ᵗʰ Cir. May 31, 2002) (affirming district court and detailing failings of brief).

In the response to our show cause order, Plaisance notes that he has represented plaintiffs in two similar cases, both of which involve the dismissal of officers from the police force. Although these other appeals were both unsuccessful, they did not give rise to sanctions. A review of these briefs reveals that Plaisance made some of the identical, unsupported claims in these cases as in the present case. For example, in *Brooks v. City of New Orleans*, No. 01-31013, he argued that the summary judgment proceedings violated the Seventh Amendment right to trial by jury. Of course, as in the present case, he offered no support for that discredited theory. *See Plaisance v. Phelps*, 845 F.2d 107, 108 (5ᵗʰ Cir. 1988) ("[T]he right to trial by jury does not prevent a court from granting

summary judgment."). Moreover, in both cases, he made vague and unsupported arguments that the district court applied its local rules inconsistently with "the principles of right and justice." He cited no instance of unequal treatment or discrimination in either case, referring merely to isolated instances in which he received unfavorable rulings or the opposing party received favorable rulings.

In all three cases–the present case, *Brooks*, and *Lee v. Morial*, No. 01-30875–Plaisance argued that the district court erred in denying his clients' claims for a name clearing hearing despite the fact that there was no evidence that any of his clients ever requested one. This practice is particularly troubling. In Macklin's case, as our opinion noted, the district court held that he was not entitled to a name clearing hearing because he did not request one. In so holding, the district court was on solid legal ground, as the requirement that such a hearing be requested by the claimant is well-established in Fifth Circuit law. *See Rosenstein v. City of Dallas*, 876 F.2d 392, 396 (5th Cir. 1989). Moreover, a panel in another one of Plaisance's cases alerted him to this unfavorable caselaw. *See Lee v. Morial*, No. 01-30875 (listing Fifth Circuit cases holding that plaintiff must request a name clearing hearing). Nevertheless, rather than disclosing this contrary authority and attempting to distinguish it, Plaisance simply ignored it and urged his discredited argument yet again in Macklin's case.

Unfortunately, the briefs Plaisance submitted in support of the response to our show cause order offer even more examples of his tendency to advance arguments in the face of contrary binding authority. He argued that his clients were all denied due process because they were suspended without the benefit of a pre-suspension hearing. Under settled Fifth Circuit precedent, however, it is sufficient that the officers were given post-suspension hearings. *See, e.g., Caine v. M.D. Hardy*, 943 F.2d 1406, 1412 (5th Cir. 1991) (en banc). In his briefs, Plaisance did not mention this contrary

authority, relying instead on general holdings that the termination of public employees implicates due process concerns. This pattern of conduct, in which Plaisance repeatedly filed appeals that he knew had been foreclosed by our prior caselaw, merits sanctions.

In an attempt to avoid sanctions for this indefensible behavior, Macklin and Plaisance argue that we cannot impose sanctions unless we find that the appeal as a whole is frivolous. In other words, they suggest that we must determine that each and every argument in the appeal is frivolous. This is not the standard. *See In re Perry*, 918 F.3d 931, 934-35 (6th Cir. 1990); *Hill v. Norfolk & W. Ry. Co.*, 814 F.2d 1192, 1200 (7th Cir. 1987) ("It would be strange if by the happenstance of including one colorable (though losing) claim amidst an ocean of frivolous ones, a litigant could ward off all sanctions."). Even if this were the proper standard, sanctions are appropriate in this case, as Macklin has identified no nonfrivolous arguments. Drawing on the court's euphemistic characterization of his frivolous arguments as "novel", Plaisance contends that sanctioning new arguments on account of their novelty is inappropriate. Certainly, sanctioning a party for presenting an issue of first impression would not be permissible, as it would unduly chill advocacy. *See Estiverne v. Sak's Fifth Avenue*, 9 F.3d 1171, 1174 (5th Cir. 1993) (per curiam) (declining to levy sanctions for appeal involving issue of first impression). Euphemism aside, however, Plaisance's arguments are not novel; they have been rejected by well-established law. In any case, to the extent that Plaisance wants to advance a new argument, he may alert the court to contrary precedent and explain why the law should be changed. Repeatedly ignoring the unfavorable precedent, even after being alerted to it by a district court ruling, is not the proper way to proceed. *Coghlan v. Starkey*, 852 F.2d 806, 810 (5th Cir. 1988) (per curiam) (holding that although novel theories should not be chilled, sanctions "are merited for a frivolous appeal the result of which is obvious from the comprehensive and decisive exposition of

the law by the judge below"); *see also Olympia Co. v. Celotex Corp.*, 771 F.2d 888, 893 (5th Cir. 1985) (per curiam) (awarding sanctions where appellant failed to address district court's legal reasons for denying summary judgment).

In sum, we hold that Plaisance has repeatedly advanced arguments on appeal that have been squarely rejected by Fifth Circuit caselaw, even after being alerted to the unfavorable authority by the district court. We therefore conclude that pursuant to Fed. R. App. P. 38, sanctions are appropriate to redress this abuse of the appellate process. Furthermore, because the quality of the research and briefing is within the province of the attorney, we think it appropriate to place the primary burden of the sanctions on Plaisance. *See Coghlan*, 852 F.2d at 816-17 (holding although client is ultimately responsible for single costs, burden of sanctions would be placed on attorney). Accordingly, we direct Plaisance to pay appellee sanctions in the amount of $700 plus double costs, to be determined on remand to the district court. We also warn Plaisance that any future abuse of the appellate process in cases he files with this court will surely result in harsher sanctions and disciplinary action.