19 F.3d 33
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Billy Ray GOWDY, Gowdy Land & Cattle Company, Eugene
Sizemore, Jerry Thrash, Bill Gillenwater, Ronald
Carey, Juanita Burrow, L.J. Stafford,
Doyle Olyer, Plaintiffs-Appellees,
v.
Van STAFFORD, Defendant-Appellant.
 No. 93-1163.
 United States Court of Appeals, Tenth Circuit.
 March 7, 1994.
 
 1
 Before MOORE and KELLY, Circuit Judges, and BRIMMER,** District Judge.
 
 ORDER AND JUDGMENT[1]
 
 2
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed.R.App.P. 34(a); 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument.
 
 
 3
 Defendant appeals from a preliminary injunction entered against him by the district court. Having jurisdiction to review this order under 28 U.S.C. 1292(a), this court will not set aside a preliminary injunction "[u]nless the district court abuses its discretion, commits an error of law, or is clearly erroneous in its preliminary factual findings," Hartford House, Ltd. v. Hallmark Cards, Inc., 846 F.2d 1268, 1270 (10th Cir.), cert. denied, 488 U.S. 908 (1988). Upon consideration of the record provided and the parties' arguments, we conclude that the district court did not err in granting the preliminary injunction.
 
 
 4
 Among his arguments asserted on appeal, defendant argues that he did not receive adequate notice of the hearing on the application for the preliminary injunction. Federal Rule of Civil Procedure 65(a) provides that "[n]o preliminary injunction shall be issued without notice to the adverse party." The record on appeal, including the district court's docket sheet, however, fails to indicate whether defendant ever received notice of the hearing. Nonetheless, because defendant has failed to assert any viable defense challenging the preliminary injunction, he is unable to establish any prejudice resulting from the lack of notice. See United States v. Alabama, 791 F.2d 1450, 1458 (11th Cir.1986)(declining to reverse district court's entry of preliminary injunction where appellant failed to show actual prejudice resulting from insufficient notice), cert. denied, 479 U.S. 1085 (1987). Further, defendant failed to assert this issue in a timely manner. He never raised this argument to the district court, even after the court issued the preliminary injunction, see id. ("district court had no opportunity to exercise its discretion by ruling on the question of whether notice was sufficient, since appellant did not appear to object, seek a continuance, or in any other way protest the scheduling of the preliminary injunction hearing"), nor did he raise it to this court until his reply brief, see generally Boone v. Carlsbad Bancorporation, Inc., 972 F.2d 1545, 1554 n. 6 (10th Cir.1992)(in counselled appeal, this court declined to address merits of claim clearly raised for first time in reply brief).
 
 
 5
 In their appellate brief, plaintiffs request the imposition of sanctions against defendant under Fed. R.App. P. 38. Defendant has had notice of this request and an opportunity to respond. See Braley v. Campbell, 832 F.2d 1504, 1514-15 (10th Cir.1987). We conclude that, because this appeal is frivolous, Rule 38 sanctions are appropriate. See generally id. at 1510-11.
 
 
 6
 We, therefore, AFFIRM the district court's order granting plaintiffs' motion for a preliminary injunction and REMAND this cause to the district court for a determination of the appropriate amount of sanctions. We DENY defendant's pending motions.
 
 
 7
 The mandate shall issue forthwith.
 
 
 
 **
 Honorable Clarence A. Brimmer, District Judge, United States District Court for the District of Wyoming, sitting by designation
 
 
 [1]
 This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of the court's General Order filed November 29, 1993. 151 F.R.D. 470