48 F.3d 1231
NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Jarrett GARDNER, a minor through his guardian Gary Gardner;
Brandon Bruehl, a minor through his guardian Mike Bruehl;
Danny M. Rivera, a minor through his guardian Toni L.
Rivera; Dustin Young, a minor through his guardian Robert
Young; Charlie Rogers, a minor through his guardian Kenneth
Rogers; Shaun Samuel, a minor through his guardian Charles
Samuel; Ryan Schwartz, a minor through his guardian Rich
Schwartz; Kevin Cutler, a minor through his guardian Ronnie
Cutler, Plaintiffs-Appellants,
v.
CITY OF MOORE, Oklahoma, a municipality located within the
state of Oklahoma; Moore Youth Baseball
Association, Defendants-Appellees.
 No. 94-6221.
(D.C. No. CIV-94-0365-T)
 United States Court of Appeals, Tenth Circuit.
 Feb. 6, 1995.
 
 Before MOORE, BARRETT, and EBEL, Circuit Judges.
 
 ORDER AND JUDGMENT[1]
 
 1
 After examining the briefs and appellate record, this panel has determined unanimously to grant the parties' request for a decision on the briefs without oral argument. See Fed.R.App.P. 34(f) and 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument.
 
 
 2
 Plaintiffs appeal the district court's dismissal of their action for failure to state a claim against defendants for deprivation of a constitutional right, Fed.R.Civ.P. 12(b)(6). Plaintiffs alleged in the district court, and continue to allege on appeal, that defendant Moore Youth Baseball Association, a youth sports organization given exclusive permission by defendant City of Moore to conduct business at a City-owned sports facility, denied plaintiffs their civil rights pursuant to 42 U.S.C.1983 by prohibiting them from participating in other local youth baseball associations. Plaintiffs contended the prohibition abridged their right to freedom of intimate association. The district court concluded that plaintiffs failed to demonstrate a deprivation of their constitutional right to association, because participating in a baseball league is not the type of "intimate human relationship" which is protected by the right to freedom of association.[2] Accordingly, the district court granted the defendants' motions to dismiss.
 
 
 3
 We review the district court's dismissal for failure to state a claim de novo. Coosewoon v. Meridian Oil Co., 25 F.3d 920, 924 (10th Cir.1994). We will uphold the dismissal of the complaint only if it appears that the plaintiffs can prove no facts in support of their claims entitling them to relief. Id. Upon consideration of the complaint, along with the rest of plaintiffs' appendix and the parties' briefs, we conclude the district court correctly determined that plaintiffs failed to state a claim for relief under Rule 12(b)(6). Accordingly, we affirm for substantially the reasons stated by the district court in its order of May 12, 1994.
 
 
 4
 Additionally, we conclude that plaintiffs' appeal is frivolous because the appellate arguments are completely meritless and the result on appeal is obvious. See Braley v. Campbell, 832 F.2d 1504, 1510 (10th Cir.1987). In addition to our inherent power to impose sanctions on litigants to deter frivolous filings, Fed.R.App.P. 38 and 28 U.S.C.1912 permit the imposition of damages and single or double costs if an appeal is frivolous. Doyle v. Oklahoma Bar Ass'n, 998 F.2d 1559, 1571 (10th Cir.1993). Also, 28 U.S.C.1927 provides that an attorney who unreasonably multiplies proceedings may be required to personally pay costs, expenses, and attorney's fees incurred due to the attorney's conduct. Doyle, 998 F.2d at 1571. Plaintiffs and their attorney are ordered to show cause why attorney's fees, double costs, and expenses should not be assessed against them for bringing this frivolous appeal. See id. (citing Braley, 832 F.2d at 1515).
 
 
 5
 The judgment of the United States District Court for the Western District of Oklahoma is AFFIRMED. Plaintiffs and their attorney are ordered to show cause within fifteen days of the date of this order and judgment why sanctions should not be assessed against them.
 
 
 
 [1]
 This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of the court's General Order filed November 29, 1993. 151 F.R.D. 470
 
 
 [2]
 Based on this conclusion, the district court determined it was unnecessary to consider whether plaintiffs satisfied the "state action" requirement of 1983. We also do not address this issue