**GREEN CONSTRUCTION COMPANY, Plaintiff,**

v.

**The KANSAS POWER AND LIGHT COMPANY, Defendant–Counterclaimant,**

v.

**SEABOARD SURETY COMPANY and Green Holdings, Inc., Counterclaim–Defendants.**

**Civ. A. No. 87–2070–S.**

United States District Court, D. Kansas.

May 10, 1991.

See also 759 F.Supp. 740.

Frank D. Menghini, McAnany, Van Cleave & Phillips, P.A., Kansas City, Kan., Dale R. Martin, Barokas & Martin, Seattle, Wash., Patrick E. Hartigan, Hartigan & Yanda, P.C., Kansas City, Mo., for Green Const. Co.

Frank B.W. McCollum, Spencer, Fane, Britt & Browne, Kansas City, Mo., John N. Badgerow, Spencer, Fane, Britt & Browne, Overland, Park, Kan., for Kansas Power and Light Co.

Stephen J. Dennis, Kristin L. Altice, Kevin E. Glynn, Niewald, Waldeck & Brown, Overland Park, Kan., John P. Ahlers, Barokas & Martin, Seattle, Wash., for Seaboard Surety and Green Holdings, Inc.

## MEMORANDUM AND ORDER

SAFFELS, District Judge.

This matter is before the court on two motions of defendant-counterclaimant Kansas Power and Light Company for the award of sanctions.

This case was tried to a jury during a five-week period which began on November 6, 1990, and ended on December 12, 1990. The jury reached a verdict on December 17, 1990, in favor of Green on its breach of contract claim and awarded plaintiff Green Construction Company ("Green Construction") "$222,312.56 plus accumulated interest." The jury further found against defendant-counterclaimant Kansas Power and Light Company ("KPL") on its counterclaims against plaintiff and counterclaim-defendants Seaboard Surety Company ("Seaboard") and Green Holdings, Inc. ("Green Holdings").

The remaining issue arose out of a discovery dispute involving the refusal of Green Holdings and Seaboard's designated representatives, namely Perry Moore and James Murphy, to offer testimony and to produce certain documents pursuant to Fed.R.Civ.P. 30(b)(6). On October 9, 1990, the court ordered both Green Holdings and Seaboard to produce the requested discovery. The court further ruled that the requested information was specifically discoverable pursuant to this court's Memorandum and Order of July 9, 1990, as the requested items and information were relevant to the "alter-ego" issue. Further, the court held that the arguments asserted by Green Holdings and Seaboard in their joint memorandum in opposition to KPL's motions to compel are without merit.

Thus, the present issue is whether the imposition of sanctions is appropriate in this case.[1] Rule 37(a) of the Federal Rules of Civil Procedure provides in pertinent part:

> (4) **Award of expenses of motion.** If the motion is granted, the court shall, after opportunity for hearing, require the party or deponent whose conduct necessitated the motion or the party or attorney advising such conduct or both of them to pay to the moving party the reasonable expenses incurred in obtaining the order, including attorney's fees, unless the court finds that the opposition to the motion was substantially justified or that other circumstances make an award of expenses unjust.

---

1. Because the parties have fully briefed the issue of whether the imposition of sanctions is appropriate, the court finds that no evidentiary hearing is necessary. *G.J.B. & Assoc., Inc. v. Single-*  *ton,* 913 F.2d 824, 830 (10th Cir.1990); *Braley v. Campbell,* 832 F.2d 1504, 1514–15 (10th Cir. 1987).

Because the court granted KPL's motion to compel, KPL is entitled to recover from Seaboard and Green Construction the reasonable expenses incurred in obtaining the compelled production, unless the court finds that Seaboard and Green Construction's opposition was "substantially justified" or that "other circumstances make an award of expenses unjust."

Upon consideration of the relevant authorities and arguments of the parties, the court finds that KPL is entitled to recover its expenses incurred in obtaining the compelled discovery pursuant to Fed.R.Civ.P. 37(a)(4). While the court notes that it has already found that the arguments of Green Construction and Seaboard are without merit, the court further finds that Green Construction and Seaboard's refusal to produce documents and testimony was not substantially justified, nor were there other circumstances which would make the award of expenses unjust.

Specifically, the court finds that the refusal of the two designated representatives, Perry Moore and James Murphy, to offer testimony in regard to specific areas of discovery was not substantially justified. Further, the court finds that it had expressly addressed the potential relevance of these items to the "alter-ego" liability of Green Holdings in its Memorandum and Order of July 9, 1990. Such discoverable information included loans made between Green Holdings and its subsidiaries (including Green Construction), the types and contents of reports which Green Holdings, Inc. has required its subsidiaries to file, and the assets currently owned by Green Construction. Further, the court finds the contention of Green Holdings and Seaboard that the existence of loans may be discoverable but the amount of money borrowed is not subject to discovery is wholly without merit. This information is clearly relevant, and therefore, discoverable as it relates to the "alter-ego" issue of whether the parent company finances the subsidiary. *See Hoffman v. United Telecomm., Inc.,* 575 F.Supp. 1463, 1478 (D.Kan.1983). Thus, the court finds no justification for the refusal to provide the requested discovery of the loans between Green Holdings and its subsidiaries including the amounts of these loans.

Similarly, the court finds that Green Holdings and Seaboard's refusal to produce the types and contents of reports which Green Holdings required its subsidiaries to file is wholly without merit. The court finds that neither Green Holdings, nor Seaboard, contested this production request in their motions for protective orders. Hence, these documents were expressly discoverable pursuant to this court's Memorandum and Order of July 9, 1990. Likewise, the court finds that discovery of the other requested items fell within specific requests which were not objected to, or which the court specifically held was subject to discovery. Accordingly, the court finds that Green Holdings and Seaboard was not substantially justified in refusing to provide the requested discovery. The court further finds that no other circumstances exist which would make the imposition of sanctions unjust. Thus, the court will grant KPL's motions for sanctions.

IT IS BY THE COURT THEREFORE ORDERED that the motion of defendant-counterclaimant Kansas Power and Light Company for sanctions against Green Holdings, Inc. is granted (Doc. No. 512).

IT IS FURTHER ORDERED that the motion of defendant-counterclaimant Kansas Power and Light Company for sanctions against Seaboard Surety Company is granted (Doc. No. 516).

IT IS FURTHER ORDERED that Kansas Power and Light Company be awarded the expenses and fees incurred in bringing its motions to compel, against Green Holdings, Inc. and Seaboard Surety Company. Kansas Power and Light Company is directed to submit to the court an affidavit detailing its expenses and fees, within ten (10) days of the date of this order, in lieu of a hearing on this issue. Green Holdings, Inc. and Seaboard Surety Company are given ten (10) days after receipt of service of the affidavit to file with the court and serve on Kansas Power and Light Compa-

ny any objections to the expenses and fees detailed in the affidavit.