59 F.3d 178
 76 A.F.T.R.2d 95-5730
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Janis G. BEREND and Randolph J. Berend, Petitioners-Appellants,
v.
COMMISSIONER OF INTERNAL REVENUE, Respondent-Appellee.
 Nos. 94-9017, 94-9019.
 United States Court of Appeals, Tenth Circuit.
 June 30, 1995.
 
 Before TACHA, LOGAN, and KELLY, Circuit Judges.
 ORDER AND JUDGMENT[1]
 TACHA, Circuit Judge.
 
 
 1
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R.App. P. 34(a); 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument.
 
 
 2
 These appeals are from orders of the Tax Court that dismissed taxpayers' actions for failure to state claims upon which relief could be granted and imposing penalties under 6673(a) for filing petitions primarily for the purposes of delay. Taxpayers appeal on the grounds that the tax court erred in finding that they were responsible for the payment of taxes determined by the Commissioner of Internal Revenue to be tax deficiencies and additions to tax for these taxpayers for the year 1992. Appellee moves on appeal for sanctions against the appellants for bringing frivolous appeals. We affirm and impose sanctions.
 
 
 3
 Neither appellant filed a federal income tax return for the year 1992. As a result of reports filed by third-party payors the Internal Revenue Service (Commissioner) determined that these taxpayers had failed to report substantial amounts of income for 1992. Arguing numerous grounds for their failure to report the taxes, taxpayers sought redetermination of the deficiencies asserted against them. After filing amended petitions, the Tax Court determined that the petitions raised only frivolous legal contentions challenging the entire federal tax system and dismissed the taxpayers' petitions.
 
 
 4
 On appeal in this court, taxpayers persist in arguing generally that their earnings do not constitute taxable income, that numerous provisions of the tax code are not adequately defined in the statutes and that they are not subject to the taxes imposed on the redeterminations. Many of the arguments raised by the taxpayers have been rejected by this and other courts. Taxpayers' allegations on appeal are without merit. It is clear that the Tax Court was correct in dismissing taxpayers' petitions for failure to state a claim and imposing penalties in both cases.
 
 
 5
 On appeal the Commissioner seeks sanctions for bringing a frivolous appeal. We agree with the Commissioner that the appeals in this case are frivolous and do not make a colorable claim of error with regard to the determinations of the Tax Court. This court has authority under 28 U.S.C.1912 and Fed. R.App. P. 38 to award sanctions to an appellee. Sanctions are appropriate in this case where the result of the appeal is obvious from the outset and the arguments are wholly without merit. Braley v. Campbell, 832 F.2d 1504, 1510 (10th Cir.1987). We therefore award sanctions in the amount of a total of $1,500.00 for both cases. Each taxpayer is responsible for $750.00 of this amount. The order of the tax court is affirmed and sanctions are imposed as specified herein.
 
 
 6
 The mandate shall issue forthwith.
 
 
 
 [1]
 This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of the court's General Order filed November 29, 1993. 151 F.R.D. 470