**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**OCT 8 1997**

**PATRICK FISHER**
**Clerk**

UNITED STATES COURT OF APPEALS

FOR THE TENTH CIRCUIT

---

ARLINE WAGNER,

      Plaintiff-Appellant,

and

DANIEL J. POST, ESQ.,

      Intervenor-Appellant,

v.

TOWN OF GILCREST,

      Defendant-Appellee.

No. 97-1038
(D.C. No. 96-S-819)
(D. Colo.)

---

ORDER AND JUDGMENT[*]

---

Before BRORBY, LOGAN, and HENRY, Circuit Judges.

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R. App. P. 34(a); 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument.

---

[*]    This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

In this 42 U.S.C. § 1983 action, plaintiff Arline Wagner and her counsel, intervenor Daniel J. Post, appeal the district court's order making them jointly and severally liable to Wagner's former employer, defendant Town of Gilcrest, for attorney's fees in the amount of $11,819.50. Because we hold that the award is not sustainable under the findings made by the district court, we reverse and remand for further proceedings.

I

The Town employed plaintiff as assistant town clerk and municipal court clerk from 1990 until 1994 when she was dismissed for performance reasons. Shortly after her discharge, Post contacted counsel for the Town with a claim that Wagner, in her capacity as municipal court clerk, was a town officer within the meaning of Colo. Rev. Stat. § 31-4-304,[1] and therefore entitled to a pretermination hearing under Colo. Rev. Stat. § 31-4-307.[2]

---

[1] In pertinent part, the statute provides:

> The board of trustees shall appoint a clerk, treasurer, and town attorney . . . [and] such other officers . . . as it deems necessary for the good government of the corporation, and it shall prescribe by ordinance their duties when the same are not defined by law and the compensation or fees they are entitled to receive for their services.

Colo. Rev. Stat. § 31-4-304.

[2] In pertinent part, the statute provides:

> By a majority vote of all members of the board of trustees, the

(continued...)

Counsel for the Town responded that in his legal opinion Wagner was a mere employee, not an officer, and that the board of directors acted within its lawful powers in dismissing her. Post, on behalf of Wagner, nonetheless filed a lawsuit in the district court for Weld County, Colorado, alleging that the Town's actions violated 42 U.S.C. § 1983 and Colo. Rev. Stat. § 31-4-307.

After removing the case to federal court, the Town moved for summary judgment, contending that it had the legal right to discharge Wagner without holding a hearing. Wagner's responsive filing was late and skeletal. It acknowledged that there were no disputed issues of material fact, but "disagree[d] as to the law stated in the Defendants' brief." Appellant's App. 36. In full, Wagner's argument was that "pursuant to evidence adduced in depositions previously taken in this case, the Plaintiff was, in fact, a statutory officer of the town of Gilcrest insofar as she was the designated Court Clerk." Id. The response contained no citations to the record or legal authority.

The district court granted the motion for summary judgment, determining that Wagner was not entitled to the notice and hearing requirements of Colo. Rev.

---

[2](...continued)
> mayor, the clerk, the treasurer, any member of the board, or any other officer of the town may be removed from office. No such removal shall be made without a charge in writing and an opportunity of hearing being given. . . .

Colo. Rev. Stat. § 31-4-307.

Stat. § 31-4-307. Following the entry of summary judgment, Wagner filed a motion for reconsideration, this time citing to the Colorado statute that established the position of municipal court clerk.[3] The Town filed a motion for attorney's fees under 28 U.S.C. § 1927 and 42 U.S.C. § 1988. The district court summarily denied the motion to reconsider, but granted the motion for attorney's fees. The court found that two facts were especially important to its determination that the complaint lacked substantial justification: (1) Post had received defense counsel's letter outlining the deficiencies of his proposed case before initiation of litigation, and (2) Wagner had admitted in her deposition "that she had no information, documentary or otherwise, to support her claim that she was a statutory officer." Appellant's App. 68. The court found "violations of both § 1927 and § 1988 by both the Plaintiff and her counsel," and held them jointly and severally liable for a fee award of $11,819.50. Id. at 70.

---

[3]     Colo. Rev. Stat. § 13-10-108, which had been cited in the town's summary judgment brief, provides, in pertinent part:

> (1) The municipal governing body shall establish the position of clerk of the municipal court, except that the municipal judge shall serve as ex officio clerk if the business of the court is insufficient to warrant a separate full-time or part-time clerk.
> (2) The clerk of the municipal court shall be appointed by the presiding municipal judge and shall have such duties as are delegated to him by law, court rule, or the presiding municipal judge.
> (3) The municipal governing body shall provide for the salary of the clerk of the municipal court . . . .

Wagner's second motion for reconsideration argued against the fee award and, for the first time, alleged reasons why Post had anticipated an admission from the Town that Wagner was a statutory officer. Id. at 74-76. The district court denied the motion to reconsider but granted Post's motion to intervene in order to appeal his personal liability for the judgment on attorney's fees.

II

Our sole issue on appeal is the propriety of the fee award under the cited statutes. Wagner does not seek to set aside the summary judgment. See 10th Cir. Order of March 3, 1997 (granting Wagner's motion under Fed. R. App. P. 42(b) to voluntarily dismiss the appeal of the order granting summary judgment). Moreover, Post, who has accepted financial responsibility for the total award, does not question the imposition of joint and several liability or quarrel about defense counsel's billing rates and compensable hours.

"We review an award of attorney's fees for abuse of discretion. However, any statutory interpretation or other legal analysis which provides the basis for the award is reviewable de novo." Corneveaux v. CUNA Mut. Ins. Group, 76 F.3d 1498, 1508 (10th Cir. 1996) (citations and quotation omitted). We therefore examine the award to determine whether the district court exceeded the bounds of permissible choice under the standards applicable to 42 U.S.C. § 1988 and 28 U.S.C. § 1927.

Although the district court did not provide separate explanations for the awards under each statute, the standards for these two fee-shifting provisions are quite different.

A

With regard to an award under § 1988, a prevailing defendant in a § 1983 action may recover attorney's fees only if the lawsuit was "'frivolous, unreasonable, or without foundation, even though not brought in subjective bad faith.'" Clajon Prod. Corp. v. Petera, 70 F.3d 1566, 1581 (10th Cir. 1995) (quoting Hughes v. Rowe, 449 U.S. 5, 14 (1980) (further quotation omitted)). This is a "stringent" standard, Figures v. Board of Pub. Utils., 967 F.2d 357, 362 (10th Cir. 1992), so that rarely is a suit so truly frivolous that a plaintiff is required to pay attorney's fees to the defendant, see Clajon, 70 F.3d at 1582. And the court may not award attorney's fees against counsel under § 1988. See Roadway Express, Inc. v. Piper, 447 U.S. 752, 761 (1980) (noting that § 1988 makes no mention of attorney liability for costs and fees).

Wagner's case was not so lacking in foundation that an award of fees is warranted under § 1988. The cornerstone of her due process claim is that, as a matter of Colorado law, she was a town officer entitled to a pretermination hearing. Colorado case law offers scant guidance on the interpretation and application of the relevant statutes. The Town relied primarily on secondary

-6-

authorities for its contention that Wagner was a public employee, not an officer. See Appellee's Supp. App. 12-13 (citing 63A Am. Jur. 2d *Public Officers and Employees* §§ 9, 24 (1984); 3 Eugene McQuillen, The Law of Municipal Corporations, § 12.30 (3d ed. 1990)). These secondary authorities observe that the distinction between employee and officer is "not always clearly marked by judicial expression and is frequently shadowy and difficult to trace." 63A Am. Jur. 2d *Public Officers and Employees* at § 11.

Even though the distinction may be vague, "[t]he characteristics of a public office are generally agreed upon." Id. at § 9. As summarized by the Town, these characteristics include

> (1) creation by statute or constitution; (2) exercise of some portion of the sovereign power; (3) a continuing position not occasional or contractual; (4) a fixed term of office; (5) an oath requirement; (6) liability for misfeasance or nonfeasance; and (7) the official has an independence beyond that of employees.

Appellee's Supp. App. 12-13. Wagner's position of municipal court clerk had at least three of these characteristics, in that it was created by statute, involved the exercise of a portion of sovereign power, and continuing. It is of no significance that Wagner was unable to articulate this legal argument at her deposition, or that, on advice of counsel, she rejected the Town's contrary argument.

Although likely to fail, the due process claims set out in the complaint were not frivolous, unreasonable, or precluded by precedent. We therefore must reverse the district court's fee award insofar as it is based on § 1988.

B

Our analysis of the imposition of fees as a sanction under 28 U.S.C. § 1927 must begin with the statute's plain warning that an attorney who multiplies proceedings "unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct." The focus is on conduct attributable to counsel "that imposes unreasonable and unwarranted burdens on the court and opposing parties," Braley v. Campbell, 832 F.2d 1504, 1510 (10th Cir. 1987), and that, "viewed objectively, manifests either intentional or reckless disregard of the attorney's duties to the court," id. at 1512.

The findings of the district court do not support the sanction under § 1927 of payment of the attorney's fees incurred in defending against the entire case. As we have explained above, Post's filing of a complaint on Wagner's behalf was not frivolous, not an undue burden on defendant, and not a waste of a court's time. Counsel's other actions or failures to act, however, support a finding of a disregard for his duties to the court that may have led to a "sanctionable multiplication of proceedings." Id. at 1513. In particular, we disapprove of his practice

of providing legal argument in installments, beginning with an unsupported late response to the Town's summary judgment motion and ending with a second motion to reconsider. As to the § 1927 award, we reverse and remand for specific findings, "identify[ing] the extent of the multiplicity resulting from the attorney's behavior and the costs arising therefrom." Braley, 832 F.2d at 1513.

We REVERSE the award of attorney's fees under 42 U.S.C. § 1988 and against plaintiff Wagner under 28 U.S.C. § 1927. We REMAND the matter to the district court for reconsideration of sanctions against counsel Post under the appropriate § 1927 standards. The Town's request for attorney's fees incurred upon appeal is denied. The parties are to bear their own costs on appeal.

Entered for the Court

James K. Logan
Circuit Judge