FILED
United States Court of Appeals
Tenth Circuit

November 23, 2010

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

---

GEORGANNE BIXLER; BUDDY
JACK KENNEMUR; CARROLL
SORELLE; DEAN COLEMAN,

        Plaintiff-Counter-
        Defendants-Appellants,

and

MINERAL ENERGY AND
TECHNOLOGY CORPORATION,
(METCO),

        Plaintiff,

v.

J. DOUGLAS FOSTER,

        Defendant-Appellee,

MICHAEL DUNCAN; SAM SAPPER,

        Defendant-Counter-
        Claimants,

and

MICHAEL R. COMEAU; PAUL
FISH; FRED PETE GIBSON, III,
in their individual capacities; JIM
MALONE; URANIUM KING, LTD.,
(UKL), an Australian corporation,

        Defendants.

No. 10-2099
(D.C. No. 1:08-CV-00676-MCA-DJS)
(D. N.M.)

**ORDER AND JUDGMENT**[*]

Before **TYMKOVICH**, Circuit Judge, **PORFILIO**, Senior Circuit Judge, and **GORSUCH**, Circuit Judge.

This appeal is from a district court award of attorneys' fees under

28 U.S.C. § 1927. Discerning no abuse of discretion in that award, we affirm.

René Ostrochovsky, a lawyer, represented minority shareholders of Mineral

Energy and Technology Corporation ("METCO") in a Racketeer Influenced and

Corrupt Organizations Act ("RICO") suit against the company's directors and

attorneys. In the complaint she filed on behalf of her clients, Ms. Ostrochovsky

alleged that METCO's majority shareholders fraudulently traded away the

corporation's assets, depriving plaintiffs of the full value of their shares.

One of the defendants, J. Douglas Foster, filed a motion to dismiss under

Fed. R. Civ. P. 12(b)(6). In his motion, Mr. Foster advanced two arguments.

First, he argued, the plaintiffs lacked standing to bring RICO claims because all

[*] After examining the briefs and appellate record, this panel has determined unanimously to grant the parties' request for a decision on the briefs without oral argument. *See* Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

the harm allegedly done by the defendants was done to the *corporation*, not to the plaintiffs *personally*.  Second, Mr. Foster added that, even if the plaintiffs had standing to bring their claims, the Private Securities Litigation Reform Act of 1995 ("PSLRA") still barred their RICO claims because those claims were based on conduct actionable under federal securities laws.  *See* 18 U.S.C. § 1964(c).  The district court agreed with Mr. Foster on both points and granted the motion to dismiss.

While METCO's appeal was pending, Mr. Foster filed a motion for attorneys' fees pursuant to § 1927.  Eventually, the district court granted the motion and ordered Ms. Ostrochovsky to pay the fees incurred by Mr. Foster.  The court reasoned that Mr. Foster's "motion to dismiss would have alerted a responsible and reasonable attorney to fatal deficiencies in Plaintiffs' RICO claim."  Aplt. App. at 2.4.  In particular, the court found that Ms. Ostrochovsky's "conduct in pursuing [a RICO] claim[] in the face of Foster's motion to dismiss was objectively unreasonable and multiplied the proceedings recklessly and with indifference to well-established law."  *Id.* at 2.4-2.5 (internal quotations omitted); *see also* 28 U.S.C. § 1927 ("Any attorney . . . who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct.").  Ms. Ostrochovsky now appeals the district court's fee award.

3

We may review an award under § 1927 "only for abuse of discretion." *Hamilton v. Boise Cascade Express*, 519 F.3d 1197, 1202 (10th Cir. 2008). Of necessity, this standard of review "implies [that] a degree of discretion [is] invested" in the district judge to issue a decision "based upon what is fair in the circumstances and guided by the rules and principles of law." *Valley Forge Ins. Co. v. Health Care Mgmt.*, 616 F.3d 1086, 1096 (10th Cir. 2010) (internal quotation omitted). Accordingly, we may reverse the district court only if its discretionary decision fell beyond "the bounds of the rationally available choices [before the district court] given the facts and the applicable law in the case at hand." *Id.* (internal quotation omitted).

We cannot say the district court's award did that. An attorney may be sanctioned for recklessly multiplying proceedings by opposing a motion to dismiss a patently meritless claim. *Steinert v. Winn Group, Inc.*, 440 F.3d 1214, 1225 (10th Cir. 2006). That's what the district court found happened here and — whatever we might say ourselves about what transpired — we can't say the district court's view of the matter was beyond the pale of the rationally available choices before it given the law and facts it faced. As this court noted when it considered METCO's appeal, the plaintiffs lacked standing because the alleged injuries recited in their own complaint were clearly and only derivative of harm suffered by the corporation. *Bixler v. Foster*, 596 F.3d 751, 757-58 (10th Cir. 2010). We also confirmed that Ms. Ostrochovsky's pleadings — alleging conduct

4

that, if true, would constitute securities fraud whether called by that name or not — were additionally and independently barred by the plain language of the PSLRA. *Id.* at 760.

Neither were these two independently fatal flaws any surprise to Ms. Ostrochovsky. They were clearly highlighted in Mr. Foster's motion to dismiss. Instead of dropping or amending these meritless claims, however, Ms. Ostrochovsky instead forged on, filing a 93-page opposition to Mr. Foster's motion to dismiss. In that opposition, Ms. Ostrochovsky cited a district court case for the proposition that *dilution* of share ownership conferred RICO standing but then went on to argue that case into irrelevance by reminding the court that plaintiffs' case "focuses on the conversion of METCO assets." App. Supp. App'x at 124. By proceeding despite this admission, Ms. Ostrochovsky turned a blind eye to the "uniform holdings of other circuits" that injuries to corporate assets do not confer RICO standing on shareholders. *See Bixler*, 596 F.3d at 758-59. As to the PSLRA bar, Ms. Ostrochovsky merely insisted that she had not intended to plead securities fraud. But she did not cite any authority for the proposition that the alleged conduct didn't constitute securities fraud. And in failing to do so, she ignored the PSLRA's plain statutory language prohibiting RICO claims based on conduct that "would have been actionable" under the securities laws. *See* 18 U.S.C. § 1964(c). It is no defense under § 1927 that she may have acted with the purest of intentions. *See Hamilton*, 519 F.3d at 1202. It was enough for the

5

district court to conclude that her conduct was objectively unreasonable. *Id.*

To be clear, we do not mean to suggest a fee award is appropriate any time a lawyer makes losing arguments. Losing is part of the lawyer's lot, and § 1927 isn't aimed at shifting fees from winners to lawyers who happen to represent the losing side. *See Braley v. Campbell*, 832 F.2d 1504, 1512 (10th Cir. 1987) (*en banc*). But the statute does exist to provide an "incentive for attorneys to regularly re-evaluate the merits of their claims and to avoid prolonging meritless claims." *Steinert*, 440 F.3d at 1224. The district court found that counsel in this case, like counsel in *Steinert*, failed to re-evaluate the merits of her strategy once the writing was on the wall, pressing on with a futile matter that "unreasonably and vexatiously" multiplied these proceedings. Our role is not to re-judge that question; it is the district judge who is invested with the discretion of passing on that question. Our role on appeal is to ask only, but not insignificantly, whether the district court's assessment amounts to an abuse of the discretion entrusted to it given the facts and law it faced. Because we cannot say the district court's

conclusion in this case was that, its judgment is affirmed. Mr. Foster's request

for attorneys' fees on appeal is denied for failure to file a separate motion. *See*

Fed. R. App. P. 38.


Entered for the Court


Neil M. Gorsuch
Circuit Judge