**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**JAN 4 2000**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

---

CECILIA M. EMSHOFF,

       Plaintiff-Appellant,

REYNOLDS & REYNOLDS, as
administrator of the Reynolds and
Reynolds Company Group Health
Benefit Plan,

       Plaintiff-Intervenor-
       Appellee,

   and

KEVIN T. EMSHOFF,

       Plaintiff,

v.

ARLEN JARRETT, M.D.; SOUTH
VALLEY WOMEN'S HEALTH
CARE, a Utah corporation;
REMINGTON BROOKS, M.D.;
WEST JORDAN HOSPITAL, doing
business as Jordan Valley Hospital,
a corporation,

       Defendants.

No. 99-4031
(D.C. No. 96-CV-329-S)
(D. Utah)

**ORDER AND JUDGMENT** *

Before **BALDOCK** , **PORFILIO** , and **BRORBY** , Circuit Judges.

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal.    See Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G).  The case is therefore ordered submitted without oral argument.

Plaintiff-appellant Cecilia M. Emshoff appeals from the district court's denial of her motion for attorney's fees and costs.  Plaintiff-intervenor-appellee The Reynolds and Reynolds Company    [1] (Reynolds) moves for attorney's fees and costs on appeal, arguing that this appeal is frivolous.  We have jurisdiction under 28 U.S.C. § 1291.

*    This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel.  The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

[1]    Designated in the caption as Reynolds & Reynolds.

-2-

Mrs. Emshoff sued defendants for medical malpractice. Reynolds, the administrator of her husband's health benefit plan, intervened on behalf of the plan in order to assert a subrogation claim to recover approximately $230,000 in medical benefits the plan had paid on her behalf. Shortly before trial, Reynolds settled its subrogation claim with the defendants for $110,000, and released Mrs. Emshoff from a contractual obligation to repay plan benefits plus attorney's fees and costs expended to advance its subrogation claim. A few days later, Mrs. Emshoff settled her medical malpractice claim with the defendants. After she settled her claim, Mrs. Emshoff filed a motion seeking to recover a portion of Reynolds' settlement under the common fund or benefit doctrine, on the theory that Reynolds' counsel benefitted from her attorney's legal work without paying for it. The district court held that: (1) Mrs. Emshoff's attorney did not create a common fund; (2) there was no benefit to Reynolds for which it should pay additional fees and costs because it settled for less than the amount Mrs. Emshoff owed the health benefit plan; and (3) application of the common fund doctrine would contravene the express language of the plan. The district court concluded that Mrs. Emshoff was not entitled to a portion of Reynolds' settlement.

Mrs. Emshoff argues on appeal that a common fund was created, that the common fund doctrine should be applied in this case, and that Reynolds should pay part of its settlement to her. We have carefully reviewed the parties'

materials.  We are unpersuaded by plaintiff's assertions of error, and affirm for substantially the same reasons as those set forth in the district court's January 14, 1999 memorandum decision.

We do not find, however, that "the result is obvious, or the appellant's arguments of error are wholly without merit." Braley v. Campbell, 832 F.2d 1504, 1510 (10th Cir. 1987) (quotation omitted).  Reynolds' motion for attorney's fees and costs on appeal is therefore denied.

AFFIRMED.

Entered for the Court


John C. Porfilio
Senior Circuit Judge