**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**NOV 8 2004**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

---

MEDICAL SUPPLY CHAIN, INC.,

Plaintiff-Appellant,

v.

US BANCORP, NA; US BANK
PRIVATE CLIENT GROUP;
CORPORATE TRUST;
INSTITUTIONAL TRUST AND
CUSTODY; MUTUAL FUND
SERVICES, LLC.; PIPER JAFFRAY;
ANDREW CESERE; SUSAN PAINE;
LARS ANDERSON; BRIAN
KABBES; UNKNOWN
HEALTHCARE SUPPLIER,

Defendants-Appellees.

No. 03-3342
(D.C. No. 02-CV-2539-CM)
(D. Kan.)

---

**ORDER AND JUDGMENT** *

---

Before **McCONNELL** , **HOLLOWAY** , and **PORFILIO** , Circuit Judges.

---

* This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

After examining the briefs and appellate record, this panel has determined unanimously to grant the parties' request for a decision on the briefs without oral argument. *See* Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

Medical Supply Chain, Inc. appeals from the dismissal of its complaint asserting claims under the Sherman Antitrust Act, the Clayton Antitrust Act, the Hobbs Act, and the USA Patriot Act, and various state law claims. In dismissing the complaint, the district court determined that plaintiff failed to state a claim for relief under each of the antitrust acts and that there was no private right of action under the USA Patriot Act. Because the district court dismissed all of plaintiff's federal law claims, it declined to retain jurisdiction over appellant's state law claims. Plaintiff argues that the district court erred by: 1) dismissing plaintiff's antitrust claims by imposing a heightened pleading standard,[1] and 2) finding no private right of action under the USA Patriot Act. We review de novo the district court's grant of a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6). *Sutton v. Utah State Sch. for the Deaf & Blind*, 173 F.3d 1226, 1236 (10th Cir. 1999).

---

[1]     Appellant's brief mentions its Clayton Act and Hobbs Act claims, but appellant fails to include any argument as to how the district court erred in dismissing those claims. *See* Aplt. Br. at 7-8, 19. Any issue with respect to those claims is therefore waived. *Ambus v. Granite Bd. of Educ.*, 975 F.2d 1555 (10th Cir. 1992).

Having reviewed the briefs, the record, and the applicable law pursuant to the above-mentioned standard, we conclude that the district court correctly decided this case. We therefore AFFIRM the challenged decision for the same reasons stated by the district court in its Memorandum and Order of June 16, 2003. Appellant's Motion to Amend Complaint on Jurisdictional Grounds is DENIED.

Finally, in the district court's order, the court reminded plaintiff's counsel of his obligations under Rule 11 and stated "[p]laintiff's counsel is advised to take greater care in ensuring that the claims he brings on his clients' behalf are supported by the law and the facts." Aplt. App. Vol. II at 402. Plaintiff then proceeded to file this appeal that is not supported by the law or the facts. Accordingly, we ORDER the plaintiff and plaintiff's counsel to SHOW CAUSE in writing within twenty days of the date of this order why they, jointly or severally, should not be sanctioned for this frivolous appeal pursuant to Fed. R. App. P. 38. *See Braley v. Campbell*, 832 F.2d 1504, 1510-11 (10th Cir. 1987) (discussing court's ability to impose sanctions against clients and their attorneys under Fed. R. App. P. 38).

Entered for the Court

John C. Porfilio
Circuit Judge

-3-