Jane DOE, a minor, by and through her next friend Eva HUGHES, her mother and natural guardian, Mary Doe, a minor, by and through her next friend Eva Hughes, her mother and natural guardian, Plaintiffs,

v.

Isaac MARTINEZ, a married man, Cruz Delia Martinez, an unmarried woman; Isaac Martinez and Cruz Delia Martinez, jointly for the former Community Estate comprised of Isaac Martinez and Cruz Delia Martinez, John Moe and Jane Moe, husband and wife; John Roes I–V, inclusive; Jane Roes I–V, inclusive; ABC Corporations, Inclusive; XYZ Partnerships, inclusive, Defendants.

No. CIV–09–104 WJ/WPL.

United States District Court, D. New Mexico.

April 3, 2009.

Dorian L. Eden, Leonard J. Mark, Tiffany & Bosco, P.A., Salvador Ongaro, Phoenix, AZ, M.J. Keefe, Gilpin & Keefe, PC, Albuquerque, NM, for Plaintiffs.

Dennis W. Montoya, Montoya Law, Inc., Rio Rancho, NM, for Defendants.

## ORDER REMANDING CASE AND AWARDING ATTORNEY'S FEES, EXPENSES AND COSTS FOR IMPROPER REMOVAL

WILLIAM P. JOHNSON, District Judge.

THIS MATTER comes before the Court on Plaintiffs' Motion for Remand (Doc. 12) which includes a request for attorney's fees and costs. The above captioned case was initiated in the United States District Court for the District of New Mexico by Defendant Isaac Martinez when his lawyer, Dennis Montoya, filed the Notice of Removal (Doc. 1) on February 4, 2009, pursuant to 28 U.S.C. § § 1441 and 1446. The Notice of Removal purportedly removed to this Court the case of *Jane Doe, a minor, by and through next friend, Eva Hughes, et al., Plaintiffs v. Isaac Martinez, et al.,* Defendants, CV–2008–033216, Superior Court of Arizona, County of Maricopa (the "Arizona State Court case"). The Court, having considered Plaintiffs' Motion to Remand (Doc. 12), the Declaration of Leonard J. Mark (Doc. 16), Defendant Martinez's Response (Doc. 19), Plaintiff's Reply (Doc. 20) and the applicable law, **FINDS** that Plaintiff's Motion to Remand is well taken and shall be **GRANTED.**

## I. REMOVAL UNDER 28 U.S.C. § § 1441 and 1446:

■ 28 U.S.C. § 1441 is entitled "Actions Removable Generally." Paragraph (a) of Section 1441 states in relevant part:

" ... any civil action brought in a State court of which the District Courts of the United States have original jurisdiction, may be removed by the Defendant or the Defendants, **to the district court of the United States for the district and division embracing the place where such action is pending.**" (Emphasis added).

28 U.S.C. § 1446 is entitled "Procedure for Removal." Paragraph (a) of Section 1446 states in relevant part:

"Federal Rules of Civil Procedure ... A defendant or defendants desiring to remove any civil action ... from a State court shall file **in the district court of the United States for the district and division within such action is pending** a notice of removal signed pursuant to Rule 11 of the Federal Rules of Civil Procedure." (Emphasis added).

Had Attorney Montoya bothered to read the first paragraph of Section 1441 or the first paragraph of Section 1446, he would have discovered in clear and unequivocal statutory language that the Arizona State Court case could not be removed to federal court in New Mexico. Assuming diversity of citizenship such that there would be subject matter jurisdiction in federal court, the only federal court Defendant Martinez could have removed the Arizona State Court case to is the United States District Court for the District of Arizona. Having determined that the Notice of Removal is jurisdictionally deficient on its face, the Court need not address any of the arguments raised by Attorney Montoya in Defendant Martinez's Response to the Motion for Remand (Doc. 19) other than to note that the arguments raised by Attorney Montoya are totally devoid of merit.

The United States District Court for the District of New Mexico, like the United States District Court for the District of Arizona, has a huge criminal caseload, much of which is comprised of border related cases. Consequently, the judges in this district are not always able to devote as much time as they would like to pending cases on their civil dockets. Simply stated, had I discovered the improper removal of the Arizona State Court case to this Court when the Notice of Removal was filed, I would have *sua sponte* remanded the case back to Arizona State Court pursuant to 28 U.S.C. § 1447(c). Further, the record shows that U.S. Magistrate Judge William P. Lynch denied Arizona counsel's Motions for Admission Pro Hac Vice. While Judge Lynch was correct in noting the technical deficiencies with the Motions for Admission Pro Hac Vice in accordance with the local rules of this Court, I am confident that had Judge Lynch realized how blatantly improper Defendant Martinez's removal of the Arizona State Court case to this Court was, he would have brought the matter to my attention, or

would have overlooked the technical deficiencies in the Motions for Admission Pro Hac Vice.

## II. JUST COSTS, EXPENSES AND ATTORNEY'S FEES FOR IMPROPER REMOVAL PURSUANT TO 28 U.S.C. § 1447(c):

Attorney Leonard J. Mark submitted his Declaration under penalty of perjury (Doc. 16) whereby he is requesting on behalf of his clients attorney's fees and costs in amount of $4,210.00 plus certain other unspecified costs and/or fees. The Court considers the sum of $4,210.00 to be an extremely reasonable amount considering Attorney Montoya's blatantly improper removal to this Court and considering Attorney Montoya's insistence that removal to this Court was somehow proper after noble attempts by Attorney Mark to demonstrate to Attorney Montoya just how legally unsound and untenable his removal was to this Court of the Arizona State Court case. What is not completely clear to the Court is whether the sum of $4,210.00 is adequate to reimburse Plaintiffs' counsel in Arizona and Plaintiffs' counsel in New Mexico for the attorney's fees, expenses and costs reasonably incurred in bringing the improper removal to this Court's attention.

██ Based on the Declaration of Attorney Mark and Exhibit 1 attached thereto and the pleadings filed in this case, the Court finds that Plaintiffs are entitled to attorney's fees, expenses and costs in accordance with 28 U.S.C. § 1447(c). Even assuming that Attorney Montoya was operating under the mistaken belief that he could properly remove the Arizona State Court case to federal court in New Mexico, Attorney Mark's letter dated February 11, 2009 (Ex. 1, Doc. 16) put Attorney Montoya on notice that his removal of the Arizona State Court case to federal court in New Mexico was improper and any mar-

ginally competent lawyer would have examined the removal statute to see if in fact removal of the Arizona State Court case to New Mexico was improper. Moreover, if Attorney Mark's letter was somehow overlooked, clearly Plaintiffs' Motion to Remand would put any marginally competent lawyer on notice that removal was improper. Notwithstanding Attorney Mark's letter and Plaintiffs' Motion for Remand, Attorney Montoya dug in his heels and filed a Response in Opposition to Remand which set forth several bogus and frivolous arguments that somehow removal to this Court was proper. Attorney Montoya's conduct not only caused Plaintiffs to incur attorney's fees, expenses and costs by Arizona counsel, but also resulted in Plaintiffs incurring attorney's fees, expenses and costs by having to retain New Mexico counsel to file the Motion for Remand and to file the Reply to Attorney Montoya's frivolous response. If ever there was a case where attorney's fees and costs should be awarded under Section 1447(c), this is the one.

While the Court is remanding the case back to Arizona State Court, the Court shall retain jurisdiction to consider the exact amount of an appropriate award of attorney's fees, costs and actual expenses to be awarded Plaintiffs on account of the improper removal by Defendant Martinez. Accordingly, Arizona counsel and/or New Mexico counsel for Plaintiffs shall within ten (10) days of the entry of this Order file an affidavit detailing what they assert is the reasonable attorney's fees, expenses and costs that should be awarded for the improper removal.

Attorney Montoya shall have ten (10) days after such affidavit is filed to submit any written objections concerning the reasonableness of attorney's fees, expenses and costs that the Court will award pursuant to § 1447(c). If Attorney Montoya decides to file any objections, he needs to understand that what remains undecided is not whether attorney's fees, expenses and costs are going to be awarded, but rather the amount of such attorney's fees, expenses and costs to be awarded to Plaintiffs.

## III. SANCTIONS UNDER 28 U.S.C. § 1927:

■■■ 28 U.S.C. § 1927 provides that "[a]ny attorney ... who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct." Sanctions are appropriate when an attorney acts recklessly or with indifference to the law; is cavalier or bent on misleading the court; intentionally acts without a plausible basis; or when the entire course of the proceedings is unwarranted. *Steinert v. Winn Group, Inc.*, 440 F.3d 1214, 1221 (10th cir.2006). An attorney's actions are measured under the standard of objective bad faith. *Braley v. Campbell*, 832 F.2d 1504, 1512 (10th Cir.1987) (en banc). The Court also has the **inherent right** to manage its own proceedings. It has authority under its own inherent powers to deter frivolous and abusive litigation and promote justice and judicial efficiency by imposing monetary sanctions. *See Roadway Express, Inc. v. Piper*, 447 U.S. 752, 764–67, 100 S.Ct. 2455, 65 L.Ed.2d 488 (1980); *Braley v. Campbell*, 832 F.2d 1504, 1510 n. 4 (10th Cir.1987); *Link v. Wabash R. Co.*, 370 U.S. 626, 632, 82 S.Ct. 1386, 8 L.Ed.2d 734 (1962) (recognizing the well-acknowledged inherent power of a court to levy sanctions in response to abusive litigation practices).

■■■ The statutory and case law language quoted and referenced in the preceding paragraph describes exactly the conduct of Attorney Montoya in filing the

Notice of Removal and insisting that removal was somehow proper in this Court in contravention to the express language of the removal statute. Moreover, Attorney Montoya's refusal to dismiss this case after the improper removal was brought to Attorney Montoya's attention first by Attorney Mark's letter and second by Plaintiffs' Motion to Remand, is the type of abusive litigation practice Section 1927 is designed to deter. Therefore, 28 U.S.C. § 1927 provides an additional basis for awarding Plaintiffs attorney's fees, expenses and costs.

**IT IS THEREFORE ORDERED** that the above captioned case is hereby remanded to the Superior Court of the State of Arizona in and for the County of Maricopa;

**IT IS FURTHER ORDERED** that Plaintiffs are hereby awarded attorney's fees, costs and expenses pursuant to 28 U.S.C. § 1447(c) and pursuant to 28 U.S.C. § 1927 against Attorney Dennis Montoya. Arizona counsel and New Mexico counsel for Plaintiffs shall submit within ten (10) days of the entry of this Order an affidavit setting forth the attorney's fees, costs and expenses requested and Attorney Montoya shall have an additional ten (10) days from the date of filing of such affidavit to object to the reasonableness of the amounts requested;

**IT IS FINALLY ORDERED** that Arizona Attorney Leonard J. Mark is admitted to this Court Pro Hac Vice and is allowed to file any pleadings in connection with this case without having to further utilize New Mexico counsel.