**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**March 29, 2012**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

---

COMMONWEALTH PROPERTY
ADVOCATES, LLC; JENNIFER
MATHIS-HUBER; BRYAN HUBER,

        Plaintiffs-Appellants,

v.

MORTGAGE ELECTRONIC
REGISTRATION SYSTEMS, INC.;
AMERICA'S WHOLESALE
LENDER; BANK OF NEW YORK
MELLON,

        Defendants-Appellees.

No. 11-4118
(D.C. No. 2:11-CV-00214-TS)
(D. Utah)

---

**ORDER AND JUDGMENT**[*]

---

Before **TYMKOVICH** and **BALDOCK**, Circuit Judges, and **BRORBY**, Senior
Circuit Judge.

---

Plaintiffs Commonwealth Property Advocates, LLC ("Commonwealth"),

Jennifer Mathis-Huber, and Bryan Huber (collectively "plaintiffs") appeal the

---

[*]    After examining the briefs and appellate record, this panel has determined
unanimously that oral argument would not materially assist the determination of
this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is
therefore ordered submitted without oral argument. This order and judgment is
not binding precedent, except under the doctrines of law of the case, res judicata,
and collateral estoppel. It may be cited, however, for its persuasive value
consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

district court's dismissal of their amended complaint for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6). Plaintiffs alleged that defendant Mortgage Electronic Registration Systems, Inc. ("MERS"), acting as nominee for defendant America's Wholesale Lenders, had no authority to foreclose on their home because the obligation had been securitized and the investors, who actually own the debt, are unknown. According to plaintiffs, the securitization process severed the debt from its security, which, under Utah Code Ann. § 57-1-35, rendered the trust deed unenforceable. The district court rejected this "split-note" theory, observing that the trust deed specifically established MERS as beneficiary and "nominee for Lender and Lender's successors and assigns." Aplt. App. at 404 (internal quotation marks omitted).

We review the district court's dismissal de novo, accepting as true all well-pleaded factual allegations and looking for plausibility in the complaint. *Smith v. United States*, 561 F.3d 1090, 1098 (10th Cir. 2009). Plaintiffs' appeal is foreclosed by our recent decision in *Commonwealth Property Advocates, LLC v. Mortgage Electronic Registration Systems, Inc.*, ___ F.3d ___, 2011 WL 6739431 (10th Cir. Dec. 23, 2011), where we rejected Commonwealth's nearly identical argument under substantially similar factual circumstances. In that case, we examined identical trust deeds providing that "MERS (as nominee for Lender and Lender's successors and assigns) has the right . . . to foreclose," *id.* at \*5, and explained that the Utah Court of Appeals, in yet another of Commonwealth's

-2-

actions, had already determined that this language authorized MERS to initiate foreclosure proceedings, *see id.* at *6 (*citing Commonwealth Prop. Advocates v. Mortg. Elec. Registration Sys., Inc.*, 263 P.3d 397, 399 (Utah Ct. App.), *cert. denied*, 268 P.3d 192 (Utah 2011)).  The Utah Court of Appeals had likewise rejected Commonwealth's argument that § 57-1-35 invalidated MERS' authority to foreclose, reasoning that the statute "'simply describes the long-applied principle . . . that when a debt is transferred, the underlying security continues to secure the debt.'"  *Id. (quoting Commonwealth Prop. Advocates*, 263 P.3d at 403).[1]  Deferring to the Utah Court of Appeals, we concluded that Commonwealth's argument "had no legal basis under Utah law" because even assuming the securitization scheme divested defendants of their implicit authority to foreclose as holders of the trust deeds, "the trust deeds *explicitly* granted Defendants the authority to foreclose" and "§ 57-1-35 in no way prohibits such an authorization."  *Id.* at 7.  Our decision in *Commonwealth Property Advocates,* 2011 WL 6739431, controls this appeal and demonstrates that the district court properly dismissed this action for failure to state a claim.

Accordingly, the judgment of the district court is AFFIRMED.

Entered for the Court

Bobby R. Baldock
Circuit Judge

---

[1]     Utah Code Ann. § 57-1-35 states:  "The transfer of any debt secured by a trust deed shall operate as a transfer of the security therefor."