FILED
United States Court of Appeals
Tenth Circuit

October 17, 2012

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

RANDELL PARKER, Trustee,

        Plaintiff-Appellant,

MERRILL RAY CHANDLER,

        Plaintiff,

v.

CITIMORTGAGE, INC.; JP MORGAN
CHASE, NA,

        Defendants-Appellees.

No. 11-4131
(D.C. No. 2:09-CV-00618-BSJ)
(D. Utah)

**ORDER AND JUDGMENT**[*]

Before **HARTZ**, **ANDERSON**, and **EBEL**, Circuit Judges.

This is an appeal from an order granting summary judgment in favor of

CitiMortgage, Inc. (CitiMortgage) and JP Morgan Chase, N.A. (Chase) and against

---

[*]     After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

Merrill Ray Chandler on his claims to defeat a foreclosure action on a home in Utah and quiet title to the property in his name. Mr. Chandler filed for bankruptcy during the pendency of this appeal, and the trustee of the bankruptcy estate, Randell Parker, was substituted as appellant. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

There are two loans at issue in this case. The first loan for $533,600 was made by MortgageIt, Inc. in 2006. This loan was memorialized by a note and secured by a deed of trust signed by Mr. Chandler. The trust deed designated Mortgage Electronic Registration Systems, Inc. (MERS) as the beneficiary of the trust deed "solely as a nominee for Lender and Lender's successor and assigns." Aplt. App. at 17. The trust deed also provided that "MERS (as nominee for Lender and Lender's successors and assigns) has the right . . . to foreclose and sell the Property." *Id*. at 18. The note and trust deed also contained other standard provisions, including the right to sell the note and deed of trust, and change loan servicers. The loan was pooled and sold to the CitiMortgage Alternative Loan Trust, and MERS assigned its interest in the trust deed to CitiMortgage.

In 2007, Mr. Chandler obtained a $350,000 home equity line of credit on the Utah property from Chase. This loan was also memorialized by a note and secured by a deed of trust. Chase, whose deed of trust was junior to the trust deed held by CitiMortgage, never sold, securitized, or transferred its note or deed of trust.

When Mr. Chandler defaulted on his loan, CitiMortgage appointed a successor trustee, who in turn posted notice of a trustee's sale. Mr. Chandler filed suit against Chase and CitiMortgage. The sale was postponed pending the outcome of the litigation.

In his second amended complaint, Mr. Chandler asserted four causes of action. His first claim was titled "Estoppel/Declaratory Judgment." Aplt. App. at 7. In this claim he alleged that CitiMortgage and Chase failed to provide information regarding the interests of "persons to whom the Notes and/or Trust Deeds may be assigned," *id.*, which subjected him "to risks, abuses, and prejudice, and [] render[ed] impossible proper discharge of the obligations on the Notes," *id.* at 8. He sought to estop both lenders from declaring defaults and foreclosing on the property, and asked for a declaration that neither Chase nor CitiMortgage had any enforceable interests in their respective trust deeds. His second cause of action was for a "Declaratory Judgment," *id.* at 8, that neither lender had any enforceable interests in their respective trust deeds. More specifically, Mr. Chandler claimed that neither CitiMortgage nor Chase had the "authority to declare a default . . . to sell the subject property or to distribute any proceeds thereof," *id.*, because the investors were not assigned the trust deeds and "the obligations of the Notes . . . have become unsecured," *id.* at 9.

Mr. Chandler sought in his third claim to quiet title to the property in his favor and against CitiMortgage and Chase because "the Trust Deeds [were] unenforceable

by them." *Id*. at 10. In his fourth claim for "Refund, Fees And Costs," *id*.,

Mr. Chandler alleged that the "pretenses of authority to foreclose, or attempt to

foreclose, under the Trust Deeds were fraudulent," *id*. at 11, and he was entitled to

"his fees and costs, together with a reasonable attorney's fee," *id*., under Utah law.

For reasons that are never explained, Mr. Chandler asserted these claims against

Chase even in the face of the undisputed evidence that Chase never sold or

transferred its interest in its note or deed of trust. The district court granted summary

judgment in favor of CitiMortgage and Chase. This appeal followed.

In a diversity case such as this, "the laws of [Utah], the forum state, govern

our analysis of the underlying claims while federal law determines the propriety of

the district court's grant of summary judgment." *Reid v. Geico Gen. Ins. Co*.,

499 F.3d 1163, 1167 (10th Cir. 2007). "The court shall grant summary judgment if

the movant shows that there is no genuine dispute as to any material fact and the

movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).

We agree with Chase that the trustee's legal theories do not apply to it because

"Chase is in possession of and continues to own the original Note and Trust Deed and

has never sold, securitized, or otherwise transferred the Note or Trust Deed to any

[person or entity]." Aplee. Chase's Br. at 2. Indeed, the trustee never bothers to

mention why the district court was wrong to grant summary judgment in favor of

Chase, and has thus waived any arguments of error as to Chase. *See Adler v.*

*Wal-Mart Stores, Inc*., 144 F.3d 664, 679 (10th Cir. 1998) ("Arguments inadequately

briefed in the opening brief are waived."). *See also* Fed. R. App. P. 28(a)(9)(A) ("The appellant's brief must contain . . . appellant's contentions and the reasons for them, with citations to the authorities and parts of the record on which the appellant relies.").

The trustee's core argument underlying all the claims for relief is that MERS's assignee, CitiMortgage, lacked authority to initiate foreclosure proceedings. Although the trustee purports to raise ten issues on appeal, we agree with CitiMortgage that these ten issues can be distilled to two questions: "*First*, did CitiMortgage have the authority to foreclose under the Trust Deed? *Second*, did the subsequent transfer and securitization of the Note deprive CitiMortgage of its authority to foreclose?" Aplee. CitiMortgage's Br. at 12. We also agree with CitiMortgage that this court and the Utah Court of Appeals "have repeatedly and unequivocally resolved [these questions] against the Trustee." *Id.*

The deed of trust signed by Mr. Chandler named MERS as the beneficiary of the trust deed as a nominee for the lender and its successors and assigns with the right to foreclose and sell the property. The fact that MERS assigned its interest under the trust deed to CitiMortgage does not change the fact that "[t]his language [in a deed of trust] appears to give [the nominee] the right to foreclose on behalf of not only the lenders but also the lender's successors and assigns." *Commonwealth Prop. Advocates, LLC v. Mortg. Elec. Registration Sys., Inc.*, 680 F.3d 1194, 1202 (10th Cir. 2011). The Utah Court of Appeals reached the same conclusion in

*Commonwealth Property Advocates, LLC v. Mortgage Electronics Registration System, Inc.*, 263 P.3d 397, 402 (Utah Ct. App.), *cert. denied*, 268 P.3d 192 (Utah 2011). As the nominee under the trust deed, CitiMortgage has the right to foreclose and sell the property.

There is likewise no merit to the trustee's argument that the subsequent transfer and securitization of the note deprives CitiMortgage of its authority to foreclose. We considered and rejected this argument in *Commonwealth*, 680 F.3d at 1204-05, which in turn relied on the Utah Court of Appeals' decision in *Commonwealth*, 263 P.3d at 399 & n.2, 402-04.

The only remaining issue is CitiMortgage's motion for sanctions against the trustee's lawyer. Title 28 of U.S.C. § 1927 provides in pertinent part that "[a]ny attorney . . . who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct." "An attorney becomes subject to § 1927 sanctions by acting recklessly or with indifference to the law, as well as by acting in the teeth of what he knows to be the law. . . . Section 1927 permits a court to insist that the attorney bear the costs of his own lack of care." *Braley v. Campbell*, 832 F.2d 1504, 1511 (10th Cir. 1987) (internal quotation marks omitted).

The trustee's lawyer has previously prosecuted four appeals in this court concerning the same issues and based on the same claims for relief that he raises in

- 6 -

this appeal. In each instance, we squarely rejected the arguments he repeats in this, his fifth appeal. Prior to filing his opening brief in this case, we announced our decision in *Commonwealth*, 680 F.3d 1194, which the lawyer chose to ignore. And by the time he filed his reply brief, our decisions in two of his other appeals had also been announced.[1] *See Scarborough v. LaSalle Bank N.A.*, 460 F. App'x 743 (10th Cir. 2012); *Commonwealth Prop. Advocates v. U.S. Bank N.A.*, 459 F. App'x 770 (10th Cir. 2012). Again, the lawyer never bothered to mention these decisions in his reply brief.

In accordance with our rule, the trustee's lawyer was given an opportunity to respond to CitiMortgage's motion for sanctions. *See Braley*, 832 F.2d at 1514. We have carefully combed that response and cannot find a single, cogent argument to justify his pursuit of this appeal in the face of our previous decisions, particularly in light of the fact that he represented the appellants in those cases. As such, we award sanctions against the trustee's lawyer (not the trustee or Mr. Chandler).

---

[1]  The other decision was announced the same day the lawyer filed his reply brief. *Commonwealth Prop. Advocates, LLC v. Mortg. Elec. Registration Sys., Inc.*, 474 F. App'x 732 (10th Cir. 2012).

The judgment of the district court is AFFIRMED.  We GRANT CitiMortgage's Motion for Sanctions, and REMAND to the district court to determine the amount of costs, expenses, and reasonable attorneys' fees incurred by CitiMortgage in defending this appeal and to be paid by the trustee's lawyer.

Entered for the Court


Stephen H. Anderson
Circuit Judge