FILED
United States Court of Appeals
Tenth Circuit

**July 18, 2014**

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

RANDELL PARKER, as Trustee for
Merrill Ray Chandler,

Plaintiff - Appellant,

v.

CITIMORTGAGE, INC.; JPMORGAN
CHASE, N.A.,

Defendants - Appellees.

No. 14-4030
(D.C. No. 2:09-CV-00618-BSJ)
(D. Utah)

**ORDER AND JUDGMENT**[*]

Before **HARTZ**, **McKAY**, and **MATHESON**, Circuit Judges.

After examining the briefs and the appellate record, this panel has determined unanimously that oral argument would not materially assist in the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). This case is therefore ordered submitted without oral argument.

In a previous appeal in this case, we awarded sanctions against Appellant's attorney based on his continued pursuit of frivolous arguments this court had squarely rejected in previous appeals he brought on behalf of different clients. *See Parker v.*

---

[*] This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

*CitiMortgage, Inc.*, 499 F. App'x 803 (10th Cir. 2012). We remanded the matter to the district court to determine the amount of sanctions. In accordance with our mandate, the district court entered judgment against Appellant's attorney for $48,309.50 in attorneys' fees and $345.59 in costs. Appellant's attorney then filed a motion in which he argued that, rather than paying attorneys' fees, he was actually entitled to receive attorneys' fees from Defendants. He argued that a recent Utah Supreme Court case addressing a different issue had somehow automatically vacated our prior decision and converted him into a prevailing party entitled to fees. The district court denied this motion, and Appellant's attorney appealed from the denial of his motion for fees.

Appellant's opening brief on appeal consists of a total of two pages, not including the table of contents and other non-substantive pages. These two pages contain the barest of conclusory statements. For instance, the "statement of facts" consists entirely of these unsupported assertions: "Plaintiff prevailed herein. Plaintiff was entitled to fees and costs under Utah Statute." (Appellant's Opening Br. at 1.) The argument section of the brief contains only the following two paragraphs:

> Where plaintiff prevails, he is entitled to fees and costs. An order staying the entry of an order of fees and costs is not valid.
>
> A Declaration of fees and costs was tendered to the District Court by plaintiff. The Dist. Ct. should have entered an order for fees and costs as shown by such affidavit forthwith. (See Appendix pp. 2-7).

(*Id.* at 2.)

In its response brief, Defendant CitiMortgage asks this court to sanction

Appellant's counsel for asserting frivolous claims in direct violation of this court's prior order and judgment. In his brief in reply, Appellant's attorney asserts that his opening brief was adequate and meritorious. Without stating he is doing so, he then seems to simply copy portions of CitiMortgage's brief into his reply brief, changing certain phrases to be more consistent with his position. For instance, CitiMortgage's brief contains the following passage:

> The merits of Parker's case were decided by this Court long ago and cannot be revisited through a bald assertion that Parker was entitled to collect his fees. Even if this Court were to reconsider the merits at this juncture, Parker fails to set forth any cognizable legal theory supporting his claim for relief. His sole argument in his Motion was that "*Sundquist* vacates [this Court's] order that Utah law is preempted by federal law." (Supp. App. 640-642.) Apart from the fact that there is no procedural mechanism whereby a decision in an unrelated state court action would automatically vacate an order of the District Court or this Court, the *Sundquist* case on which Parker's argument is founded bears no common issue of fact or law to those presented in this case.
>
> *Sundquist* determined whether a national bank is exempt from Utah's restrictions on who may exercise the power of sale as trustee under a deed of trust. This case addressed Parker's claim that CitiMortgage lacked authority to foreclose based on meritless "split the note" and securitization theories. Neither National Banking Act preemption nor the ability of national banks to act as foreclosure trustee have been at issue in this case. Paul Halliday, a licensed Utah attorney, was the foreclosure trustee who executed the power of sale in this case, in compliance with Utah law. (*Id.* 59-63). Therefore, the decision in *Sundquist* is irrelevant to this case.

(Appellee CitiMortgage's Br. at 6-7 (alterations in original).)

Two of the six paragraphs in Appellant's reply brief read as follows:

> The merits of Parker's case were decided by this Court long ago. Parker sets forth cognizable legal theory supporting his claim for relief. His argument in this Motion was that "*Sundquist* vacates [this Court's] order

-3-

that Utah law is preempted by federal law." The *Sundquist* case on which the Appellant's argument is founded applies.

> *Sundquist* determined whether a national bank is exempt from Utah's restrictions on who may exercise the power of sale as trustee under a deed of trust. This case addressed Appellant's claim that CitiMortgage lacked authority to foreclose based on meritless "split the note" and securitization theories. Neither National Banking Act preemption nor the ability of national banks to act as foreclosure trustee have been at issue in this case. Paul Halliday, a licensed Utah attorney, was the foreclosure trustee who executed the power of sale in this case, in compliance with Utah law. Therefore, the decision in *Sundquist* applies.

(Appellant's Reply Br. at 2 (alterations in original).)

Appellant's request for attorneys' fees and his appeal from the denial of fees are both patently frivolous. However, under Rule 38 of the Federal Rules of Appellate Procedure, we may only impose monetary sanctions for a frivolous appeal if (1) we have provided advance notice to the individual(s) who may be subject to sanctions or (2) we have received a separately filed motion for sanctions from the appellee. *See* Fed. R. App. P. 38; *see also Dominion Video Satellite, Inc. v. Echostar Satellite L.L.C.*, 430 F.3d 1269, 1278 (2005). The individual against whom sanctions are sought must also be provided with a "reasonable opportunity to respond." Fed. R. App. P. 38.

Defendants are accordingly invited to file a separate motion for sanctions against Appellant's attorney within fifteen days from the date of this order and judgment. If such a motion is filed, Appellant's attorney will have fifteen days from the date the motion is filed to show cause why he should not be sanctioned.

The judgment of the district court is **AFFIRMED**.

Entered for the Court


Monroe G. McKay
Circuit Judge